RAPHAEL J.
*1029 Defendant and appellant Carl Jones was convicted of sodomy of an unconscious victim pursuant to Penal Code section 286, subdivision (f), a felony. The trial exhibits included a video recording where Jones's roommate recounted what she had observed to an investigator. What the roommate said was hard to discern at times, and the parties disputed whether she said she heard the victim tell Jones immediately before the incident that " 'I'm a little horny.' " Whether the victim made such a remark would bear on whether she was conscious and gave consent. On appeal, Jones contends that the trial court erred by not providing the jury a version of the video's transcript that contains the line " 'I'm a little horny.' " The trial court correctly informed the jury, however, that the video itself was the *1030 evidence, not any transcript purporting to indicate the contents of the video. Therefore, in the unpublished portion of this opinion, we reject Jones's contention and affirm the conviction.
In a supplemental brief relying on People v. Dueñas (2019) 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268 ( Dueñas ), Jones contends that the trial court's imposition of a $70 fee for "court construction and court operations" as well as a $300 restitution fine violated his right to due process absent a determination of his ability to pay. We hold that Jones has not forfeited this argument despite his failure to raise it in the trial court but affirm the imposition of the fine and fees on the record before us.
I. FACTS**
II. DISCUSSION
*192 A. The Conviction***
B. Dueñas Error
While this case was pending, another district of this Court of Appeal decided Dueñas , which held that a trial court must "conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before requiring a defendant to pay assessments under Government Code section 70373 and Penal Code section 1465.8 or a restitution fine under Penal Code section 1202.4. ( Dueñas , supra , 30 Cal.App.5th at p. 1164, 242 Cal.Rptr.3d 268.) In a supplemental brief, Jones contends that the trial court's imposition of $70 in fees and a $300 restitution fine without first holding an ability to pay hearing violated his due process rights, which we will call Dueñas error.[2] The People do not contend that Dueñas was wrongly decided. Rather, the People first contend that Jones forfeited the claim by failing to raise it below. The People then contend that *1031 any Dueñas error was harmless because the record does not establish an inability to pay or any negative consequences that would arise from a failure to pay.
As we explain, although Jones did not object to the fine and fees below, he may raise it for the first time on appeal because an objection prior to Dueñas " 'would have been futile or wholly unsupported by substantive law then in existence.' " ( People v. Brooks (2017) 3 Cal.5th 1, 92, 219 Cal.Rptr.3d 331, 396 P.3d 480.) It is not Jones's burden to establish an inability to pay in this appeal, because the issue was not litigated in trial court. Nevertheless, because Jones will be able to earn the total amount imposed during his sentence of imprisonment, the Dueñas error was harmless.
1. Forfeiture
"Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence." ( People v. Welch (1993) 5 Cal.4th 228, 237, 19 Cal.Rptr.2d 520, 851 P.2d 802.) Forfeiture in this context has also been conceptualized as asking whether " 'the pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change.' " ( People v. Black (2007) 41 Cal.4th 799, 810, 62 Cal.Rptr.3d 569, 161 P.3d 1130 ( Black ).) In determining whether the objection would have been futile, "we consider the 'state of the law as it would have appeared to competent and knowledgeable counsel at the time of the trial.' " ( Id. at p. 811, 62 Cal.Rptr.3d 569, 161 P.3d 1130 ; see also People v. De Santiago (1969) 71 Cal.2d 18, 23, 76 Cal.Rptr. 809, 453 P.2d 353 [inquiry is guided "by practical considerations as to what competent and knowledgeable members of the legal profession should reasonably have concluded the law to be"].)
At the time of Jones's trial and sentencing, controlling case law on point effectively foreclosed any objection that imposing the $300 restitution fine without conducting an ability to pay hearing violated his due process rights. In *193 People v. Long (1985) 164 Cal.App.3d 820, 210 Cal.Rptr. 745 ( Long ), the Court of Appeal rejected the defendant's argument that the "failure to consider his ability to pay the restitution fine deprived him of due process of law," concluding that "there [was] no constitutional infirmity in the imposition by the trial court of a ... restitution fine on defendant." ( Id. at pp. 826, 828, 210 Cal.Rptr. 745.)
At bottom, Dueñas simply disagreed with Long 's due process analysis. ( Dueñas , supra , 30 Cal.App.5th at p. 1172, fn. 10, 242 Cal.Rptr.3d 268.) While Dueñas noted that Long interpreted statutes that were subsequently amended ( Duenas , supra , at p. 1172, fn. 10, 242 Cal.Rptr.3d 268 ), we do not see the fact of amendments as having been *1032 decisive in Dueñas , nor changes that foretold that decision. The amendments did not change the relevant bases for the fines. For instance, Long noted that the restitution fine, then imposed under Government Code section 13967, "is not restitution made directly to the victim of the offense but is a fine imposed by law." ( Long , supra , 164 Cal.App.3d at p. 826, 210 Cal.Rptr. 745.) The same is to be said for the restitution fine imposed on Jones pursuant to Penal Code section 1202.4, subdivision (b) ; it is distinct from direct victim restitution and is instead paid into the state's Restitution Fund. ( Pen. Code, § 1202.4, subd. (e).) As well, Long emphasized that the defendant cannot be incarcerated solely based on an inability to pay the restitution fine, that any unpaid amounts would be deemed a debt owing to the state, and that the fine is reduced by any amounts actually paid to the victim. ( Long , supra , at pp. 827-828, 210 Cal.Rptr. 745.) All of these features remain under current law. ( Pen. Code, § 1205, subds. (a), (f) [although a "judgment that the defendant pay a fine ... may also direct that he or she be imprisoned until the fine is satisfied," the section "shall not apply to restitution fines and restitution orders"]; § 1202.43, subd. (b) ["A restitution fine shall be deemed a debt of the defendant owing to the state ... excepting any amounts the defendant has paid to the victim as a result of the crime."].) Long was therefore controlling at the time of Jones's sentencing.
Aside from Long , the Penal Code itself all but precluded Jones from meaningfully contesting the restitution fine. Penal Code section 1202.4, subdivision (b)(1) states that "[i]f the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300)," which was the amount imposed here. Subdivision (c) of that section, moreover, states that "[i]nability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)." (Italics added.) Because only the minimum amount was imposed, the statute strongly supported the conclusion that the trial court had no discretion to take ability to pay into account.
Similarly, the relevant statutes all but foreclosed any due process objections to the court facilities or court operations assessments. As Dueñas noted, neither Government Code section 70373 nor Penal Code section 1465.8 expressly requires that the pertinent assessment be premised on an ability to pay. (See Dueñas , supra , 30 Cal.App.5th at p. 1166, 242 Cal.Rptr.3d 268 [both sections are "silent as to the consideration of a defendant's ability to pay in imposing the assessments"].) Without language in those sections instructing courts to condition the assessments on an ability to pay, Jones's failure to object is excusable. (See People v. Ellis (2019) 31 Cal.App.5th 1090, 1094, 242 Cal.Rptr.3d 881 ["[T]here is no language in the statute that provides the restriction that [appellant] asks us to impose. Moreover, it is not the province of this court to insert words *194 or add provisions to an unambiguous statute."].) *1033 Because a due process objection would have been "futile or wholly unsupported by substantive law then in existence" had it been raised to the trial court, Jones has not forfeited the argument by failing to raise it below. ( People v. Brooks , supra , 3 Cal.5th at p. 92, 219 Cal.Rptr.3d 331, 396 P.3d 480.) "The circumstance that some attorneys may have had the foresight to raise this issue [in Dueñas ] does not mean that competent and knowledgeable counsel reasonably could have been expected to have anticipated" Dueñas. ( Black , supra , 41 Cal.4th at p. 812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.) Given the substantive law in existence at the time of Jones's sentencing, Dueñas was unforeseeable. We therefore agree with and follow other courts that have similarly declined to find forfeiture on an alleged Dueñas error. ( People v. Castellano (2019) 33 Cal.App.5th 485, 489, 245 Cal.Rptr.3d 138 ; People v. Johnson (2019) 35 Cal.App.5th 134, ----, 247 Cal.Rptr.3d 1 [2019 WL 2066683 at *2-3, 2019 Cal. App. LEXIS 426 at *4].)
In People v. Frandsen (2019) 33 Cal.App.5th 1126, 245 Cal.Rptr.3d 658 ( Frandsen ), another district of this Court reached a contrary result, holding that a failure to object to the same assessments constituted forfeiture. ( Id. at pp. 1153-1155, 245 Cal.Rptr.3d 658.) Part of Frandsen 's reasoning rested on the fact that the restitution fine there was $10,000, the maximum amount that may be imposed under Penal Code section 1202.4, subdivision (b). ( Frandsen , supra , at p. 1153, 245 Cal.Rptr.3d 658.) Because, as noted, even before Dueñas , the Penal Code indicated that inability to pay may be considered in increasing the amount of the restitution fine above the $300 minimum, Frandsen was correct to conclude that "[s]uch an objection would not have been futile under governing law at the time of his sentencing hearing." ( Frandsen , supra , at p. 1154, 245 Cal.Rptr.3d 658.)
With regard to the court facilities and court operations assessments, however, Frandsen stated that nothing prevented the defendant from "making the same request that the defendant in Dueñas made ...." ( Frandsen , supra , 33 Cal.App.5th at p. 1154, 245 Cal.Rptr.3d 658.) Frandsen disagreed that Dueñas was unforeseeable, stating: " Dueñas was foreseeable. Dueñas herself foresaw it. The Dueñas opinion applied 'the Griffin - Antazo - Bearden analysis,' which flowed from Griffin v. Illinois (1956) 351 U.S. 12 [76 S.Ct. 585, 100 L.Ed. 891], In re Antazo (1970) 3 Cal.3d 100 [89 Cal. Rptr. 255, 473 P.2d 999], and Bearden v. Georgia (1983) 461 U.S. 660 [103 S.Ct. 2064, 76 L.Ed.2d 221]. ( Dueñas , supra , 30 Cal.App.5th at p. 1168 [242 Cal.Rptr.3d 268].) The Dueñas opinion likewise observed ' "[t]he principle that a punitive award must be considered in light of the defendant's financial condition is ancient." ( Adams v. Murakami (1991) 54 Cal.3d 105, 113 [284 Cal. Rptr. 318, 813 P.2d 1348].) The Magna Carta prohibited civil sanctions that were disproportionate to the offense or that would deprive the wrongdoer of his means of livelihood. [Citation.]' ( Dueñas , supra , 30 Cal.App.5th at p. 1170 [242 Cal.Rptr.3d 268].)" ( Frandsen , supra , 33 Cal.App.5th at pp. 1154-1155, 245 Cal.Rptr.3d 658 ; see id. at p. 1155, 245 Cal.Rptr.3d 658 [" Dueñas applied law that was old, not new"].) In our view, this was incorrect.
*1034 As discussed above, due to controlling authority in Long , it was reasonable for Jones to conclude at the time of his sentencing that he could not meaningfully raise the objection that ultimately prevailed in Dueñas. As our Supreme Court has explained, "[t]he circumstance that some attorneys may have had the foresight to raise this issue does not mean that *195 competent and knowledgeable counsel reasonably could have been expected to anticipate[ ]" the change in law. ( Black , supra , 41 Cal.4th at p. 812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.)
Moreover, the fact that a new case relies on long-held principles or other established law does not necessarily mean it was foreseeable. Black demonstrates this. There, our Supreme Court considered whether a defendant forfeited a claim that he was entitled to a jury trial on sentencing issues based on an argument that the United States Supreme Court would eventually accept in Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 ( Blakely ). ( Black , supra , 41 Cal.4th at pp. 810-812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.) Black observed that " 'the Blakely court worked a sea change in the body of sentencing law' " and held that "a claim of sentencing error premised upon the principles established in Blakely and Cunningham [v. California (2007) 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 ] is not forfeited on appeal by counsel's failure to object at trial." ( Black , supra , at p. 812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.) In doing so, our Supreme Court was evidently unmoved by the fact that Blakely relied on cases that had been decided by the time the defendant was sentenced as well as diaries and letters from the Founding Fathers. (See Blakely , supra , at pp. 301-305, 124 S.Ct. 2531 [applying Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 ]; see Blakely , supra , at pp. 305-306, 124 S.Ct. 2531 [citing a diary entry from John Adams and a letter from Thomas Jefferson].) The fact that Blakely relied, in its own words, on "longstanding precedent" ( id. at p. 305, 124 S.Ct. 2531 ) played no part in Black 's analysis; Blakely was still seen as an unforeseeable change in law. ( Black , supra , at pp. 810-812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.) Given that our Supreme Court did not find Blakely foreseeable in Black , we will not characterize Dueñas as foreseeable simply because it cited principles stretching back to the Magna Carta.
At the time Jones was sentenced, Long and the relevant statutes would have meaningfully foreclosed the argument he now seeks to advance. Jones could not have been expected to anticipate Dueñas , even though Dueñas applied principles first articulated in other contexts long ago. Accordingly, he has not forfeited his claim.
2. Harmless Error
The People do not dispute that the trial court imposed the fees and restitution fine without conducting an ability to pay hearing. The People thus concede that Dueñas error occurred. Nevertheless, the People contend that any such error was harmless.
*1035 A " 'very limited class' " of federal constitutional errors are "subject to per se reversal"; all others are "amenable to harmless error analysis." ( People v. Aranda (2012) 55 Cal.4th 342, 363, 145 Cal.Rptr.3d 855, 283 P.3d 632 ; see also Rose v. Clark (1986) 478 U.S. 570, 578, 106 S.Ct. 3101, 92 L.Ed.2d 460 [errors requiring automatic reversal "are the exception and not the rule"].) Dueñas did not address whether Dueñas error requires an automatic reversal. Jones does not contend that Dueñas error requires automatic reversal. We therefore consider whether the error here was harmless beyond a reasonable doubt. (See Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 [to find constitutional error harmless, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt"].)
Because no ability to pay hearing was held, it is not defendant's burden on appeal to establish his eligibility for relief. Nevertheless, *196 we will find Dueñas error harmless if the record demonstrated he cannot make such a showing. Here, he cannot do so. Jones was sentenced to a term of six years with a credit of 332 days for presentence custody and conduct. Wages in California prisons currently range from $12 to $56 a month. ( Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1) ; Cal. Dept. of Corrections and Rehabilitation, Operations Manual, ch. 5, art. 12, § 51120.6, pp. 354-355 (Jan. 1, 2019) < https://www.cdcr.ca.gov/ccjbh/wp-content/uploads/sites/172/2019/06/Ch_5_2019_DOM.pdf> [as of June 26, 2019].) And half of any wages earned (along with half of any deposits made into his trust account) are deducted to pay any outstanding restitution fine. ( Pen. Code, § 2085.5, subd. (a) ; Cal. Code Regs., tit. 15, § 3097, subd. (f).) Given that the restitution fine is $300 and the assessments are $70, Jones will have sufficient time to earn these amounts during his sentence, even assuming Jones earns nothing more than the minimum. (At $12 a month, Jones will have earned $720 after five years, $300 of which will be deducted to pay for the restitution fine, leaving $420 to pay the remaining $70.) In our view, this forecloses a meritorious inability to pay argument. (See People v. Hennessey (1995) 37 Cal.App.4th 1830, 1837, 44 Cal.Rptr.2d 792 [court may consider ability to earn prison wages in determining ability to pay].) Accordingly, on this record, we conclude that the Dueñas error was harmless. (See also People v. Johnson , supra , 247 Cal.Rptr.3d at 4 ["The idea that [defendant] cannot afford to pay $370 while serving an eight-year prison sentence is unsustainable."].)
III. DISPOSITION
The judgment of conviction is affirmed. The trial court is directed to modify the abstract of judgment to indicate the imposition of the assessments *1036 and restitution fine and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.
We concur:
MCKINSTER Acting P. J.
MILLER J.

See footnote *, ante .

See footnote *, ante .

The record does not specify the statute or statutes invoked in assessing the $70, but it is apparently a combination of a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1) ) and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1) ), both of which "shall be imposed on every conviction for a criminal offense" subject to exceptions not applicable here. Because these amounts are not reflected in the abstract of judgment, we order that the abstract of judgment be corrected to reflect these amounts. (People v. Mitchell (2001) 26 Cal.4th 181, 188, 109 Cal.Rptr.2d 303, 26 P.3d 1040.)