Filed 10/29/20  P. v. Chapman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTOPHER SCOTT CHAPMAN,<br><br>  Defendant and Appellant. | G057823<br><br>(Super. Ct. No. 18WF2368)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed in part and remanded for resentencing.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Christopher Scott Chapman was convicted of one count of felony vandalism (Pen. Code, § 594, subds. (a), (b)(1)).[1] Additionally, defendant admitted he had a previous strike conviction (§§ 667, subd. (d), 1170.12, subds. (b), (c)(1)), and two prior prison convictions (§ 667.5, subd. (b)). He was sentenced to a total of five years and assessed various fines and fees. On appeal, he contends, and the Attorney General concedes, that a recent amendment to section 667.5 (Stats. 2019, ch. 590, § 1) applies to him and this court should strike the prior prison sentence enhancements. We agree and order the enhancements stricken, and remand the case to the trial court for resentencing.

He also contends his due process rights were violated by the imposition of fines and fees without a determination he was able to pay them, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). While he has arguably forfeited this claim by failing to raise it in the trial court, we find no error on the merits. Defendant's circumstances are entirely dissimilar to those of the defendant in *Dueñas*, and there is no suggestion at all in the record that he lacks any ability to pay. Any error was at most harmless. Accordingly, we reject this argument and affirm the remainder of the judgment.

I

FACTS

Given the limited issues on appeal, we need not set forth the facts at any length. On October 26, 2018, defendant was released from jail after completing a 10-day incarceration for a parole violation. He was released in the middle of the night and had no immediate place to go. He used force to pull up a roll-up door on a commercial

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

building, on Goldenwest Avenue, entered, and went to sleep. The police entered and arrested him.

He was subsequently convicted of one count of felony vandalism (§ 594, subds. (a), (b)(1)), admitted to one prior strike conviction (§§ 667, subd. (d), 1170.12, subds. (b), (c)(1)), and had two prior prison convictions (§ 667.5, subd. (b)).

The court imposed the following sentence on April 19, 2019: five years in prison, comprised of the middle term of two years for the vandalism conviction, doubled for the strike conviction, plus one year for the prison prior. The second prison prior was stricken for sentencing purposes. Appropriate credits were applied. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a court operations fee of $40 (§ 1465.8, subd. (a)(1)), a conviction assessment fee of $30 (Gov. Code, § 70373), and victim restitution in the amount of $2,800. The record reflects that the only objection was to $900 of the victim restitution, which the court overruled.

## II

## DISCUSSION

*The Prison Prior Enhancements*

Under the law at the time defendant was sentenced, former section 667.5, subdivision (b), as applicable here, provided for a one-year enhancement for a new offense for each prior prison term for any felony. The law changed effective January 1, 2020, when the Governor signed Senate Bill No. 136 (2019-2020 Reg. Sess.) into law. This bill amended section 667.5, subdivision (b), to limit the imposition of one-year prior prison enhancements to sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). Defendant's previous offenses do not qualify.

The Attorney General agrees defendant is entitled to relief, as do we. The case was not yet final at the time the change in law went into effect, and such changes should be applied retroactively absent legislative intent to the contrary. (*People v. Brown*

3

(2012) 54 Cal.4th 314, 323-324; *In re Estrada* (1965) 63 Cal.2d 740-746.) As other courts have found, this change in law applies retroactively to non-final judgments. (See, e.g., *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) Accordingly, both enhancements must be stricken.

*The Fines and Fees*

Defendant next claims that pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157, the court violated his due process rights by assessing a total of $370 in fines and fees without determining whether he had the ability to pay. The Attorney General argues defendant forfeited the issue by failing to raise it below, as *Dueñas* was decided four months prior to his sentencing.

Even assuming the issue can be reviewed as a pure question of law, as defendant contends, we find any error was harmless beyond a reasonable doubt. *Dueñas*, which has provoked considerable controversy and is currently under review by the California Supreme Court, has, in the words of a justice concurring in a decision not to expand its reach to juvenile cases, become the "'issue du jour.'" (*In re M.B.* (2020) 44 Cal.App.5th 281, 285 (conc. opn. of Yegan, Acting P. J.).) "In my view," this justice wrote, *Dueñas* "create[d] more problems than it solved and creative attorneys have had a field day." (*Ibid.*)

It is useful to consider *Dueñas* in light of its facts. In that case, the defendant was an indigent homeless mother who suffered from cerebral palsy and was unable to work. Her husband was also unemployed, and their family of four received approximately $1000 a month in cash and food stamps. She was unable to afford basic necessities for her family, had no bank account or credit card, and could frequently not afford her mobile phone payment. The family alternated living at the homes of different family members. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.)

4

When Dueñas was a teenager, she received three juvenile citations and could not afford to pay the $1,088 assessed. Her driver's license was therefore suspended. She subsequently had numerous convictions relating to her suspended license. When offered the choice between paying fees or serving time in jail, she served time because she could not afford the fees. Nonetheless, she remained liable for numerous court fees that had previously been sent to collections. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.)

In the offense that led to the published opinion, she pleaded no contest to driving on a suspended license. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1160.) She was placed on probation and approximately $500 in fines and fees were imposed. She advised the court of her situation and asked for a hearing to determine her ability to pay the amounts she had previously been assessed as well as the current court fees. Ultimately, she was ordered to pay $220 in what the court determined were mandatory fees. The court ordered that if she had not paid her debt at the end of probation, the unpaid amounts would go to collections without further court intervention. (*Id.* at pp. 1161-1163.)

The Second District, in a published opinion, determined "[i]mposing unpayable fines on indigent defendants" amounted to punishing them for their indigence. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1167.) Thus, Dueñas's due process rights were violated, "[b]ecause the only reason [she] cannot pay the fine and fees is her poverty, using the criminal process to collect a fine she cannot pay is unconstitutional." (*Id.* at p. 1160.)

While the court has been flooded with appeals contesting fines and fees under $500 since *Dueñas* was decided, very few of those cases have facts that are even vaguely similar. The defendant in *Dueñas* was caught in an inescapable spiral of unpayable debt traceable to a few old, minor offenses. That is not the case here. While defendant was ordered to pay fines and fees under the same statutes at issue in *Dueñas,*

5

"there the similarity ends." (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.) There is nothing in the record to begin to suggest that defendant is being punished for being poor.

In the latest episode in a lengthy criminal history, defendant damaged a door in order to break into a commercial property. He claims that like the defendant in *Dueñas,* he was homeless and unemployed. But the record reflects that his homelessness was temporary due to being released from jail in the middle of the night. Nor is there anything in the record suggesting defendant, like the defendant in *Dueñas*, is permanently unable to work. He was 27 years old at the time he was sentenced and had a work history as a cashier and a cook at various restaurants. The probation report lists his health as "good" with no history of past health issues. Defendant has also earned a high school diploma while in custody.

Further, as modified, defendant will have a jail sentence of four years, less any time served and credits. Potential wages earned by a defendant sentenced to state prison constitute an ability to pay. (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) While defendant attempts to distinguish this authority due to the shorter length of his sentence, we find this argument unpersuasive. While defendant's sentence may be shorter, the total amount at issue here is low. "'[E]very able-bodied prisoner' must work while imprisoned. [Citation.] Prison wages range from $12 to $56 per month, depending on the job and skill level involved." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 229.) Defendant will be able to pay a significant amount of the $370 due even at the minimum prison wage, and he has a demonstrated ability to work after his release to pay any remainder in short order.

We also note that defendant was provided a notice of his right to a financial hearing pursuant to section 1203.1, subdivision (b), and neither requested a hearing nor submitted a financial statement. In sum, we find any claim that defendant utterly lacks the ability to pay is without merit; he simply bears no similarity to the defendant in

6

*Dueñas*, nor are his circumstances close to hers.  Accordingly, any failure to provide a hearing on this issue was harmless beyond a reasonable doubt.  (*Chapman v. California* (1967) 386 U.S. 18, 23-24.)


### III
### DISPOSITION

The sentence enhancements pursuant to former section 667.5, subdivision (b), are ordered stricken, and the case is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.