Filed 11/25/20  P. v. Jones CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MERLIN SYLVESTER JONES,<br><br>    Defendant and Appellant. | H046461<br>(Santa Clara County<br>Super. Ct. No. C1760945) |

Merlin Sylvester Jones was convicted following a jury trial of attempted second degree robbery (Pen. Code, §§ 211 & 664),[1] assault with a semiautomatic firearm (§ 245, subd. (b)), and possession of a firearm as a felon (§ 29800, subd. (a)(1)).  Jones admitted that he had been convicted of a prior strike offense (§§ 667 (b)-(i)/1170.12), and a prior serious felony (§ 667, subd. (a)).

The trial court ordered Jones to pay a $120 court operations fee (§ 1465.8), a $90 court facilities fee (Gov. Code, § 70373), a $129.75 criminal justice administration fee (Gov. Code, § 29550.2. subd. (a)),[2] a $1,000 restitution fine (§ 1202.4, subd. (b)) and

---

[1] All subsequent unspecified statutory references are to the Penal Code.

[2] In his opening brief, Jones represents that the criminal justice administrative fee was imposed pursuant to Government Code section 29550.2, subdivision (a).  The reporter's transcript of the sentencing hearing indicates the court imposed a fee of "$129.75 pursuant to Government Code sections 29550, 29550.1, and 29550.2," and the minute order and abstract of judgment are silent as the specific section of the Government Code that was applied in this case.  While the criminal justice administration fee can only be imposed under one of the three sections of the Government Code cited by the trial

stayed a corresponding $1,000 section 1202.45 parole revocation restitution fine, in addition to a prison term.

Jones asserts on appeal that the case must be remanded for resentencing pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.), and for the trial court to consider whether he has the ability to pay the fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Jones also maintains that he is entitled to additional presentence custody credits.

The Attorney General concedes, and we agree, that the matter must be remanded for resentencing pursuant to Senate Bill No. 1393, and that Jones is entitled to additional custody credits. We find that Jones forfeited his challenge to the $1,000 restitution fine (§ 1202.4, subd. (b)) and the corresponding suspended $1,000 parole revocation restitution fine (§ 1202.45, subd. (a)), because he failed to object in the trial court based on his inability to pay despite having a statutory basis to do so. We conclude that the trial court is not required to conduct a hearing regarding Jones's ability to pay the $120 court operations fee (§ 1465.8), and the $90 court facilities fee (Gov. Code, § 70373) for reasons we explain below.

## I. STATEMENT OF THE CASE[3]

In July 2017, Jones was charged by information with Count 1—attempted murder (§§ 187 & 664), Count 2—attempted second degree robbery (§§ 211 & 664), Count 3—assault with a semiautomatic firearm (§ 245, subd. (b)) and Count 4—possessing a firearm as a felon (§ 29800, subd. (a)(1)). In addition, the information alleged that Jones personally and intentionally discharged a firearm causing great bodily injury to a non-accomplice (§§ 12022.7 & 12022.53, subds. (b), (c), & (d)), as to Counts 1 and 2, and

_____

court, (see *People v. McCullough* (2013) 56 Cal.4th 589, 592), we do not address this issue because Jones does not challenge the imposition of the fee in this appeal as discussed in footnote 6, *post*.

[3] The underlying facts are omitted because they are not relevant to the issues on appeal.

that he personally used a firearm (§ 12022.5, subd. (a)), and personally inflicted great bodily injury on a non-accomplice (§ 12022.7, subd. (a)), as to Count 3. The information also alleged that Jones had been convicted of a prior strike (§§ 667, subd (b)-(i)/ 1170.12), and a prior serious felony (§ 667, subd. (a)).

Following a jury trial, Jones was convicted of Counts 2, 3, and 4, and the jury found the firearm and great bodily injury allegations applicable to those counts true. The trial court declared a mistrial as to Count 1, because the jury could not reach a verdict. Jones admitted that he had been convicted of a prior strike and a prior serious felony.

The court denied Jones's *Romero*[4] motion to dismiss his prior strike conviction as well as his motion to strike the firearm enhancements. The trial court sentenced Jones as follows: on Count 2, Jones was ordered to serve the upper term of three years in prison, doubled to six years because of his strike conviction, with a consecutive term of 25-years-to-life on the enhancement for discharging a firearm causing great bodily injury; on Count 3, Jones was ordered to serve the midterm of six years, doubled to 12 years because of the strike conviction, with a consecutive term of four years for the gun use enhancement for a total 16 years, to run concurrent with the sentence on Count 2; on Count 4, Jones was ordered to serve the midterm of two years, doubled to four years because of the strike conviction, to run concurrent with the terms for Counts 2 and 3. The trial court dismissed the great bodily injury enhancement as to Count 3, and imposed a consecutive five-year term for the prior serious felony enhancement pursuant to section 667, subdivision (a), for a total determinate term of 11 years, followed by the indeterminate term of 25 years to life.

The trial court ordered Jones to pay a $120 court operations fee (§ 1465.8), a $90 court facilities fee (Gov. Code, § 70373), a $129.75 criminal justice administration fee (Gov. Code, § 29550.2, subd. (a))[5] and a $1,000 restitution fine (§ 1202.4, subd. (b)).

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.
[5] See footnote 2, *ante*.

3

The court also imposed a corresponding suspended $1,000 section 1202.45, subdivision (a) parole revocation restitution fine.

Jones filed a timely notice of appeal.

## II. DISCUSSION

### A. *Senate Bill No. 1393*

Jones asserts, and the Attorney General concedes, that his case must be remanded so the trial court can exercise its discretion whether to strike the prior felony conviction enhancement under section 667, subdivision (a), pursuant to Senate Bill No. 1393. We accept the Attorney General's concession.

At the time the trial court sentenced Jones in November 2018, Senate Bill No. 1393, which amended sections 667, subdivision (a), and section 1385 to grant trial courts discretion to strike or dismiss a prior serious felony enhancement was not yet in effect. "Senate Bill 1393 applies retroactively to all cases or judgments of conviction in which a five-year term was imposed at sentencing, based on a prior serious felony conviction, provided the judgment of conviction is not final . . . ." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971-972.)

Because Jones was convicted and sentenced for one prior serious felony enhancement under section 667, subdivision (a), and his conviction is not yet final, remand is required to allow the trial court to exercise its discretion whether to strike the enhancement.

### B. *Ability to Pay Fines and Fees*

Citing *Dueñas*, Jones asserts he is entitled to a determination of whether he has the ability to pay the $120 court operations fee (§ 1465.8), and the $90 court facilities fee

4

(Gov. Code, § 70373).[6] Jones asks that we remand the matter to the trial court for such determination.

Jones also asserts pursuant to *Dueñas* that we should stay the execution of the $1,000 restitution fine (§ 1202.4, subd. (b)) and the corresponding suspended $1,000 parole revocation restitution fine (§ 1202.45, subd. (a)),[7] until the prosecution can establish that he has the ability to pay.

Jones did not object in the trial court to the imposition of the fines and fees based on an inability to pay. The Attorney General argues that Jones has forfeited his challenge to the imposition of the restitution fine, because there was a statutory basis to object based on an inability to pay at the time the fine was imposed, and he failed to object. However, the Attorney General concedes that because this case must be remanded for the trial court to consider whether to strike Jones's prior serious felony, the trial court may also consider Jones's ability to pay the $120 court operations fee (§ 1465.8), and the $90 court facilities fee (Gov. Code, § 70373).

We find Jones forfeited his challenge to the $1,000 restitution fine and his suspended $1,000 parole revocation restitution fine because there was a statutory basis to object to this fine based on his inability to pay that existed prior to the *Dueñas* decision. Under section 1202.4, subdivision (b)(1), the trial court is required to impose a restitution fine of not less than $300, and not more than $10,000. The statute provides that the trial court may not consider a defendant's ability to pay when imposing the minimum fine of

---

[6] Although Jones refers to the $129.75 criminal justice administration fee (Gov. Code, § 29550.2, subd. (a)) in a footnote in his opening brief, he does not argue that he is entitled to a determination of whether he has the ability to pay that fee.

[7] Section 1202.45, subdivision (a) states: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4" Section 1202.45, subdivision (c) states, in relevant part: "[The fine] shall be suspended unless the person's parole, post-release community supervision, or mandatory supervision is revoked."

$300; however, if the court sets a restitution fine in excess of the minimum, it should consider "any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, . . . [and] the extent to which any other person suffered losses as a result of the crime . . . ." (§ 1202.4, subd. (d)).[8]

Here, the trial court imposed a restitution fine in the amount of $1,000, and a suspended parole revocation restitution fine in the same amount. Since $1,000 for both the restitution fine and the suspended parole revocation restitution fine was "in excess of the minimum fine" (§ 1202.4, subd. (c)), Jones had statutory grounds to object based on an inability to pay. "[E]ven before *Dueñas* a defendant had every incentive to object to imposition of a maximum restitution fine based on inability to pay because governing law as reflected in the statute (§ 1202.4, subd. (c)), expressly permitted such a challenge. [Citation.]" (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 (*Gutierrez*).) "Thus, even if *Dueñas* was unforeseeable . . ., under the facts of this case [defendant] forfeited any ability-to-pay argument regarding the restitution fine by failing to object." (*Ibid.*)

Regarding the $120 court operations fee (§ 1465.8, subd. (a)(1)), and the $90 court facilities fee (Gov. Code, § 70373), the Attorney General concedes that because this matter is being remanded for resentencing, Jones can raise the issue of his inability to pay these fees in the trial court. We do not accept the Attorney General's concession. Jones was sentenced to a determinate term of 11 years in prison, followed by a term of 25 years to life. Even if the trial court grants Jones the relief he requests under Senate Bill No. 1393 and strikes the felony prior he suffered under section 667, subdivision (a), he will still serve a determinate prison term plus 25 years to life. "Wages in California prisons currently range from $12 to $56 a month." (*People v. Jones* (2019) 36 Cal.App.5th 1028,

---

[8] As the parole revocation fine under section 1202.45, subdivision (b) must be assessed "in the same amount as that imposed pursuant to subdivision (b) of 1202.4," we conclude that the section 1202.45, subdivision (d) factors apply to its imposition as well.

1045.)  Since the challenged fees total $210, Jones will have sufficient time to earn this amount while incarcerated even if we assume he will earn only the minimum prison wage.[9]

### C.  Custody Credit

Jones asserts, and the Attorney General concedes, that he is entitled to additional presentence custody credit including two days of actual time, and 11 days of 15 percent custody credit pursuant to section 2933.1.

At sentencing, Jones was awarded 578 days of custody credit for actual days served, and 76 days of 15 percent custody credit pursuant to section 2933.1, for a total of 654 days of presentence credit.  However, Jones was entitled to 580 days of actual time served because he was in custody from the date of his arrest on April 2, 2017, until his sentencing on November 2, 2018.  Therefore, Jones's 15 percent custody credit must be increased to 87 days pursuant to section 2933.1, making 667 days the total amount of custody credit Jones should have been awarded at sentencing.

## III.  DISPOSITION

The judgment is reversed and the matter is remanded for resentencing for the superior court to determine whether to strike Jones's prior serious felony conviction (§ 667, subd. (a)).  The abstract of judgment shall be corrected to reflect that Jones has 580 days of credit for actual time served, and 87 days of 15 percent credit, for a total of 667 days of credit.  The trial court is directed to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

---

[9] Because we find Jones forfeited his challenge to the restitution fines (§ 1202.4, subd. (b); § 1202.45, subd. (a)), and that he has the ability to pay the court operations fee (§ 1465.8), and the court facilities fee (Gov. Code, § 70373) through his prison wages, we decline to consider the constitutional issues raised in the *Dueñas* opinion.

_____

Greenwood, P.J.

WE CONCUR:

_____

Bamattre-Manoukian, J.

_____

Grover, J.

People v. Jones
No. H046461

8