Filed 1/27/21  P. v. Dudzinsky CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074800 |
| v. | (Super.Ct.No. FVI1501345) |
| MICHAEL WALTER DUDZINSKY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed with directions.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sedival and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

This is the second appeal arising from defendant and appellant Michael Walter Dudzinsky's 2017 conviction on one count of assault with a deadly weapon, as well as

1

recidivism-based enhancements of that count. In this opinion, we affirm the judgment and direct the trial court to correct a clerical error in the abstract of judgment.

Our previous, nonpublished opinion rejected several of Dudzinsky's challenges to the conviction, but conditionally reversed the judgment and remanded for the trial court to consider mental health diversion under the newly-enacted Penal Code[1] section 1001.36 and, if necessary, to exercise its new discretion to strike or dismiss a prior serious felony conviction for sentencing purposes pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Dudzinsky* (Apr. 11, 2019, E069417 [nonpub. opn.].).)

On remand, the trial court declined to order mental health diversion because Dudzinsky indicated that he did not wish to participate. (See § 1001.36, subd. (b)(1) [listing division criteria including that the defendant "consents to diversion" and "agrees to comply with treatment"].) The court reinstated Dudzinsky's previous sentence of 25 years to life on the assault conviction, but exercised its discretion to strike two prior serious felony enhancements, eliminating a previously imposed 10-year term. The court reinstated all previously imposed fines and fees, all of which were the statutory minimum amounts. These included a $40 court operations fee pursuant to section 1465.8, a $30 court construction fee pursuant to Government Code section 70373, a $300 restitution fine pursuant to section 1202.4, and a stayed $300 parole revocation fine pursuant to section 1202.45.

---

[1] Further undesignated statutory references are to the Penal Code.

In reimposing the fines and fees, the trial court and defense counsel engaged in the following colloquy. The court stated: "All fines that were imposed will remain the same. I did take into consideration that the defendant was an indigent, and I believe I imposed the minimum fines." Defense counsel asked: "Your Honor, would the Court consider a stay on the restitution fine for Mr. Dudzinsky due to the lengthy sentence that he'll be facing?" The court responded: "I believe I imposed the minimum restitution fine for him. I have to get my thoughts back together." After dealing with other sentencing issues, the court returned to the restitution fine: "Let's make sure that the Court did impose the minimum restitution fines before. If not, that is my intention because I would have to make a financial finding otherwise." Defense counsel raised no further objection, stating only: "Thank you, your Honor."

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Dudzinsky contends that the trial court erred by reimposing the fines and fees without first determining he has the ability to pay them. Dudzinsky did not preserve this argument for review. Dudzinsky was resentenced in February 2020, more than a year after *Dueñas* was issued. Nevertheless, he raised no objection at all to the reimposition of the court construction fee, court operations fee, or parole revocation fine. He requested that the court stay the restitution fine, but he did not request an opportunity to present additional evidence regarding his ability to pay, and he did not invoke ability to pay as the reason for the proposed stay.

3

Moreover, even if we presume Dudzinsky did not forfeit his arguments, or if we exercise our discretion to reach their merits, our review starts from the presumption that the trial court's order was correct and that in making it the court knew the law and followed it. (*People v. Giordano* (2007) 42 Cal.4th 644, 666 ["On appeal, we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'"].) Viewed from this deferential perspective, the court's comment that its "intention" was to impose the minimum restitution fine "because I would have to make a financial finding otherwise" does not necessarily mean it *never* considered Dudzinsky's ability to pay. Rather, the comment could mean that *if* the court were to order something other than the minimum restitution fine, it would have to have some basis for revisiting its earlier implicit finding that he could pay the minimum restitution fine (and the other order fines and fees) during his lengthy period of custody; the court would have to consider *again* whether Dudzinsky had the ability to pay, even though no new evidence or meaningful argument was presented, such as some reason why Dudzinsky would not be able to pay out of prison earnings. Taken in isolation, the court's comments could support Dudzinsky's claim that the court never considered ability to pay. But, in context, Dudzinsky's own failure to press an argument about his ability fostered the lack of clarity. In such circumstances, we must draw all reasonable inferences in favor of upholding the judgment.

Though Dudzinsky was "indigent," it was within the bounds of reason to conclude that he nevertheless had the ability to pay the imposed fines and fees, which totaled only $370 (excluding the stayed parole revocation fine). Dudzinsky was 63 years old and had no assets at the time of sentencing, but there is nothing in the record compelling the conclusion that he will be unable to earn wages sufficient to cover this statutory minimum amount while serving his sentence of 25 years to life.[2] (See *People v. Valles* (2020) 49 Cal.App.5th 156, 164 ["As defendant will be serving a lengthy prison sentence and the amount of the fees is small, it is appropriate for the court to consider the wages that he may earn in prison."]) At no point did Dudzinsky request an opportunity to submit additional evidence demonstrating that he would not be able to work in prison or otherwise obtain the necessary funds, nor did he even expressly argue that to be the case based on evidence already in the record. The trial court therefore reasonably, albeit implicitly, concluded that Dudzinsky did not meet his burden of establishing his inability to pay.[3] (See *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.)

In short, Dudzinsky forfeited his claim of *Dueñas* error. Even on the merits, he has not demonstrated that the trial court failed to consider his ability to pay the reimposed

_____

[2] As discussed in our previous opinion, there is reason to believe that Dudzinsky has serious mental health issues. (*People v. Dudzinsky*, *supra*, E069417.) It is not apparent from the record, however, that these issues or other health problems would preclude him from working while imprisoned.

[3] The questions of whether courts must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments" and, if so, "which party bears the burden of proof regarding defendant's inability to pay" are before our Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.

fines and fees, or that the record compelled the conclusion that he lacked the ability to pay them.

Dudzinsky more persuasively argues that there is an error in the new abstract of judgment issued after his resentencing. The trial court exercised its discretion to strike the two serious felony prior enhancements that had previously been imposed. The trial court correctly deleted reference to those enhancements in the new abstract of judgment. Nevertheless, an extraneous "10," representing the 10-year term previously imposed for the now stricken enhancements, remains in the "total" column of section 3, the section for recidivism based enhancements. As the People concede, this clerical error should be corrected.

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment by deleting the extraneous "10" in the "total" column of section 3. The court is further directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

McKINSTER _____
            Acting P. J.
MILLER _____
            J.

6