Filed 6/30/22  P. v. Sousa CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARIO GEORGE SOUSA,<br><br>　　　Defendant and Appellant. | F082888, F082890<br><br>(Super. Ct. Nos. PCF386247, PCF395446)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*　　　Before Hill, P. J., Peña, J. and DeSantos, J.

Defendant Mario George Sousa was convicted by no contest plea of nine counts in two cases. On appeal, he contends (1) the statutorily mandated court operations assessment (Pen. Code, § 1465.8)[1] and court facilities assessment (Gov. Code, § 70373) must be stayed pending an ability-to-pay hearing, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and (2) the trial court's imposition of the statutory minimum $300 restitutions fines (§§ 1202.4, 1202.45), without explicit consideration of defendant's ability to pay, violated the Eighth Amendment prohibition against excessive fines and guarantee of equal protection. We affirm.

## BACKGROUND[2]

On October 15, 2020, defendant pled no contest to the following counts: In case No. PCF395446, he pled to domestic violence (§ 273.5, subd. (a); count 1), child endangerment (§ 273a, subd. (a); count 3), carrying a concealed dirk or dagger (§ 21320; count 4), and misdemeanor resisting arrest (§ 148, subd. (a)(1); count 5); in case No. PCF386247, he pled to being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 1), unlawful firearm activity (§ 29805; count 2), possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1; count 3), being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 4), and misdemeanor resisting arrest (§ 148, subd. (a)(1); count 5). The plea was in exchange for a three-year prison term and dismissal of the remaining counts.

On May 14, 2021, the trial court sentenced defendant to the agreed-upon three years in prison. In case No. PCF395446, the court imposed a $2,700 section 1202.4 restitution fine, a $2,700 suspended section 1202.45 probation revocation restitution fine, a $1,000 section 294 restitution fine, a $160 court operations assessment, and a $150 court facilities assessment. In case No. PCF386247, the court imposed a

---

[1]    All statutory references are the Penal Code unless otherwise noted.

[2]    The facts underlying the convictions are irrelevant to the issues.

$3,600 section 1202.4 restitution fine, a $3,600 suspended section 1202.45 probation revocation restitution fine, a $1,000 section 294 restitution fine, a $200 court operations assessment, and a $150 court facilities assessment.

The court conducted a discussion about defendant's ability to pay the fines and fees. After learning that defendant had no assets of his own and had received assistance from his family to pay for motel rooms, the trial court reduced the restitution fines to the statutory minimum of $300 each. The $360 court operations assessment and $270 court facilities assessment remained imposed as statutorily required.

On June 7, 2021, defendant filed a notice of appeal in both cases.

On October 8, 2021, pursuant to section 1237.2, appellant counsel requested that the trial court stay the fines and fees pending an ability-to-pay hearing.

On December 15, 2021, the trial court took the matter off its calendar.

## DISCUSSION

The parties agree that defendant received an ability-to-pay hearing on the fines and fees originally imposed (and then reduced) by the trial court, but defendant contends he was entitled to a more comprehensive hearing pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157, to determine whether he has the ability to pay even the statutory *minimum* fines and fees that the court ultimately imposed. Defendant claims that the minimum fines and fees violate his constitutional rights, and if he has forfeited these claims, his defense counsel was ineffective for failing to object. We conclude defendant has forfeited the claims and has not shown ineffective assistance of counsel.

In *Dueñas*, the defendant was a probationer who suffered from cerebral palsy, and was an indigent and homeless mother of young children. She requested and received a full hearing on her ability to pay the court facilities fee, court operations fee, and the statutorily required minimum restitution fine. Despite the defendant's clear inability to pay these fines and fees, the trial court imposed them as required. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160, 1162–1163.)

3

On appeal, the *Dueñas* court held that the trial court violated the defendant's right to due process under both the federal and state Constitutions by imposing the court facilities fee and the court operations fee without making a determination as to the defendant's ability to pay, even though that determination was not statutorily required. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) Further, the court concluded that although the imposition of a restitution fine pursuant to section 1202.4 is punitive, unlike imposition of the prior two court fees, and the trial court is required to impose the minimum restitution fine even if the defendant demonstrates an inability to pay, "the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine."[3] (*Dueñas*, at p. 1172.)

At the 2021 sentencing hearing in this case, the defense had notice of *Dueñas*, which had been filed in 2019, but defense counsel failed to object to imposition of the minimum fines and fees under *Dueñas* or any other authority. Accordingly, those objections were forfeited.

To establish ineffective assistance of counsel, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) counsel's deficient performance was prejudicial—i.e., there is a reasonable probability that, but for the deficient performance, the result would have been more favorable to the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) "Usually, 'ineffective assistance [of counsel claims are] more appropriately decided in a habeas corpus proceeding.' " (*People v. Hoyt* (2020) 8 Cal.5th 892, 958.) " ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] … unless

---

**3** The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

4

counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; see *In re S. D.* (2002) 99 Cal.App.4th 1068, 1077 [ineffective assistance of counsel can be raised on direct appeal only "in the rare case where the appellate record demonstrates 'there simply could be no satisfactory explanation' for trial counsel's action or inaction"].)

Here, defendant does not show there can be no satisfactory explanation for defense counsel's failure to object to the minimum fines and fees—which (without the suspended fine) amounted to $930—and request a more comprehensive ability-to-pay hearing. For example, counsel could reasonably have considered defendant's ability to earn wages in prison and to receive financial support from his family as reasons for not objecting or requesting another ability-to-pay hearing. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1062, 1076–1077 [concluding that a defendant sentenced to a prison term of 82 years to life had the ability to pay $10,600 in restitution fines, $160 in court operations assessments, and $120 in court facilities assessments from either prison wages or monetary gifts from family and friends during his lengthy prison sentence]; see also *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.)  " '[E]very able-bodied prisoner' must work while imprisoned.  [Citation.]  Prison wages range from $12 to $56 per month, depending on the job and skill level involved.  [Citation.]  Up to 50 percent of [a prisoner's] wages and trust account deposits will be deducted to pay any outstanding restitution fine .…" (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 229.)  " '[A]n inmate's assignment to a paid position is a privilege dependent on available funding, job performance, seniority and conduct.' " (*Ibid*.)   The record suggests defendant, who was born in 1992, was a relatively young, able-bodied man with the financial support of his family.

Accordingly, we reject defendant's ineffective assistance claim. If defendant has information outside the appellate record to support his claim, he may raise the claim by way of a petition for writ for habeas corpus.

## **<u>DISPOSITION</u>**

The judgment is affirmed.