Filed 11/29/22 P. v. Alvarado CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> VICTOR ALPHONSO ALVARADO, <br><br> Defendant and Appellant. | F084004 <br><br> (Super. Ct. No. VCF252005) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County. Nathan G. Leedy, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Detjen, J.

Appointed counsel for defendant Victor Alphonso Alvarado asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. We affirm.

## BACKGROUND

On May 1, 2011, defendant shot and killed Leo Alvarado.

On December 20, 2011, the Tulare County District Attorney filed an information charging defendant with murder (Pen. Code, § 187, subd. (a);[1] count 1) and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 2). As to count 1, the information further alleged (1) defendant intentionally killed Leo Alvarado while defendant was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang (§ 190.2, subd. (a)(22)), (2) defendant personally and intentionally used and discharged a firearm causing death (§ 12022.53, subds. (b), (c) & (d)), and (3) the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

On September 21, 2012, a jury found defendant guilty of both counts and found true all three special allegations.

On October 18, 2012, the trial court sentenced defendant. On count 1, the court imposed life without the possibility of parole, plus 40 years to life for the enhancements. On count 2, the court imposed the middle term of two years to be served concurrently. The court imposed a $500 restitution fine (§ 1202.4, subd. (b)), a $500 parole revocation fine (§ 1202.45), an $80 court security fee (§ 1465.8), a $60 criminal conviction assessment (Gov. Code, § 70373), and $5,000 in victim restitution.

On November 26, 2012, defendant filed a notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

On October 3, 2014, we affirmed the judgment in *People v. Alvarado* (Oct. 3, 2014, F066255) [nonpub. opn.].**2**

More than seven years later, on January 29, 2022, defendant filed, in propria persona, a motion to recall his sentence and strike his restitution fines pursuant to Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869) and the Eighth Amendment to the United States Constitution. His motion also stated the trial court failed to hold a hearing on his ability to pay restitution or court costs.

On January 20, 2022, the superior court denied the motion without comment.

On February 22, 2022, defendant filed a notice of appeal.

## DISCUSSION

Assembly Bill 1869 provided relief from certain administrative fees imposed on criminal defendants (see *People v. Clark* (2021) 67 Cal.App.5th 248, 259–260), but it did not abolish restitution fines or parole revocation fines. Assembly Bill 1869 "abrogated the authority to impose and collect 23 different administrative fees …." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625.) The Legislature expressly stated its intent was to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) To eliminate outstanding debt from costs and fees imposed prior to the repeal of these statutes, Assembly Bill 1869 added Penal Code section 1465.9 and Government Code section 6111.

Then, Assembly Bill No. 177 (2021–2022 Reg. Sess.) amended section 1465.9 to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection … 1202.4 … as [that] section[ ] read on December 31, 2021, shall

---

**2** We grant defendant's motion for judicial notice of our prior opinion in *People v. Alvarado*, *supra*, F066255. On our own motion, we also take judicial notice of the record in that case.

3.

be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) As part of this legislation, the Legislature repealed a subdivision of section 1202.4 allowing county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine" (§ 1202.4, former subd. (*l*)); this repeal, however, left the rest of section 1202.4 intact. Consequently, there is no indication the Legislature meant to provide relief from the restitution fines challenged by defendant in his motion before the superior court. In other words, in this case, Assembly Bill 1869 did not allow the superior court to strike defendant's restitution fines and thus the court properly denied the motion.

We also briefly address defendant's claim that the trial court failed to hold an ability-to-pay hearing when he was sentenced in 2012, a claim that impliedly invokes *People v. Dueñas* (2019) 30 Cal.App.5th 1157.[3] This claim, raised in defendant's motion, was not properly before the superior court or this court. Defendant's judgment has been final for many years, and the motion allowed by Assembly Bill 1869 after a final judgment does not encompass or authorize a claim under *Duenas*. Because defendant's judgment of conviction is final, he is not entitled to retroactive application of *Dueñas*. (Cf. *In re Estrada* (1965) 63 Cal.2d 740, 746–747 [changes in law that are beneficial to defendant are retroactive to cases not yet reduced to final judgment].)[4]

---

[3] *Dueñas* relied on due process principles to require an ability-to-pay hearing before a trial court may impose certain fines and fees. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

[4] Furthermore, according to the probation report, defendant was only 20 years old at the time of the offense. At that time, he had worked as an agricultural farm laborer for approximately five years, earning about $1,600 per month. Thus, it appears he is capable of working and earning money in prison, where he will spend the rest of his life, and can pay his restitution fines. We note that when a record demonstrates beyond a reasonable doubt that a defendant will be able to pay the restitution with future earnings because he or she is young, healthy, capable of holding a job (as demonstrated, for example, by the fact he or she was gainfully employed for several years before the conviction), and will have an opportunity to earn wages in prison, a trial court's erroneous failure to hold an

4.

## DISPOSITION

The superior court's denial of defendant's motion for resentencing and striking of his restitution fines pursuant to Assembly Bill 1869 is affirmed.

---

ability-to-pay hearing is harmless. (See *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [*Dueñas* error is harmless if the record demonstrates beyond a reasonable doubt that the defendant cannot establish his or her inability to pay].)