Filed 12/18/20  P. v. Collen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

|  |  |
|---|---|
| THE PEOPLE, | C088278, C090677 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F030) |
| v. | |
| GREGORY MICHAEL COLLEN, | |
| Defendant and Appellant. | |

Defendant Gregory Michael Collen pleaded no contest to one count of lewd and lascivious acts upon a child under the age of 14 years and one count of sexual penetration upon a child under the age of 14.  Defendant's sole contention in this consolidated appeal is that the trial court erred in imposing certain assessments and restitution fines without holding an evidentiary hearing to determine his ability to pay them.  We will affirm the judgment.

**PROCEDURAL BACKGROUND**

Pursuant to a negotiated plea agreement based on charges that he repeatedly molested his girlfriend's young daughter, defendant pleaded no contest to one count of

1

lewd and lascivious acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1); count one)[1] and one count of sexual penetration upon a child under the age of 14 years (§ 289, subd. (a)(1)(B); count three). In exchange, the remaining counts were dismissed. The trial court sentenced defendant to an aggregate term of 22 years in state prison as follows: the upper term of 12 years on count three, plus a consecutive upper term of 10 years on count one. The trial court also ordered that defendant pay a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), an $80 court operations assessment pursuant to section 1465.8, and a $60 conviction assessment pursuant to Government Code section 70373. Defendant filed a timely notice of appeal. This court granted defendant's motion to stay the appellate proceedings so that defendant had the opportunity to seek relief in the trial court pursuant to section 1237.2.

The trial court subsequently granted defendant's motion to vacate and stay the restitution fine and the court operations and conviction assessments. On September 9, 2019, the trial court held a hearing on the matter and, citing *People v. Jones* (2019) 36 Cal.App.5th 1028, found that defendant had the ability to pay $3,168 based on a 22-year prison sentence at $12 in payments per month minimum. Pursuant to this finding, the trial court modified the section 1202.4 restitution fine to $3,000. It ordered a section 1202.45 parole restitution fine in the amount of $3,000 but stayed the fine pending successful completion of parole. The trial court ordered that the $60 conviction assessment and the $80 court operations assessment remain.

Defendant filed a new notice of appeal. We consolidated case No. C088278, the original appellate file, with case No. C090677, which contains the present appeal.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues that the trial court violated his right to due process because it failed to hold an ability to pay hearing before it re-imposed the assessments and restitution fine. The People argue defendant forfeited his *Dueñas* claims by failing to raise a due process argument in the trial court or argue or submit evidence that he was unable to pay the assessed amounts. Defendant responds that his claims were not forfeited because *Dueñas* was not yet decided at the time of his original sentencing hearing, because he was not present when the restitution fine was modified to $3,000, and because he did not have a meaningful opportunity to object on an evidentiary basis to the court's finding that he could earn $12 per month in prison wages. We agree with the People that defendant's claims are forfeited.

In *Dueñas*, the Court of Appeal held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."[2] (*Dueñas*, at p. 1164)

---

[2] Our Supreme Court is now poised to resolve the question of whether the *Dueñas* analysis is correct, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which disagreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing, reasoning that because a restitution fine is intended to punish defendants, a

Defendant failed to object to both the original assessment of the restitution fine and fees on October 23, 2018, and during the hearing on September 9, 2019, when the trial court re-assessed the restitution fine based on potential wages earned from prison. As defendant concedes in his opening brief, he failed to argue he was unable to pay the assessed amounts during the September 9, 2019 hearing and did not object to the imposition of the reduced restitution fine or assessments. Under ordinary rules of appellate procedure, defendant's challenge has been forfeited. (See, e.g., *People v. Trujillo* (2015) 60 Cal.4th 850, 853-854 [failure to object to sufficiency of evidence supporting Government Code section 29550.2, subdivision (a), booking fee forfeits challenge to the fee on appeal]; *People v. Nelson* (2011) 51 Cal.4th 198, 227 [failure to object to $10,000 restitution fine on grounds of ability to pay forfeits challenge].) The constitutional nature of defendant's claim does not justify a deviation from that rule. (See *Trujillo*, at p. 859 [stating that no "core autonomy interests or constitutional rights are implicated by the waiver of a judicial hearing on a defendant's ability to pay"].)

As defendant notes, courts have diverged on the matter of forfeiture relating to a defendant's ability to pay following *Dueñas*. (Compare *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [ability to pay argument forfeited because *Dueñas* was a foreseeable change in the law, noting Dueñas herself raised the constitutional issue and cited existing precedent and legal principles in her challenge] and *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464 [citing *Frandsen*] with *People v. Castellano* (2019) 33 Cal.App.5th 485, 491 [remanded to allow the defendant to "request a hearing and present evidence demonstrating his inability to pay the fines, fees and assessments imposed by the trial court" because the conviction and sentence were not yet final].) But here, in contrast to these forfeiture cases, the opinion in *Dueñas, supra*, 30 Cal.App.5th

---

defendant should challenge such fines under the excessive fines clause of the Eighth Amendment. (*Kopp*, at pp. 96-97.)

4

1157 was issued on January 8, 2019, well before the September 9, 2019 hearing. Moreover, the trial court did in fact consider defendant's ability to pay in this case prior to reassessing the restitution fine and fees, following *Dueñas.* Indeed, the court solicited argument from counsel at the hearing, but counsel did not object to the court's findings regarding defendant's ability to pay or request to submit evidence regarding defendant's ability to pay. Accordingly, we cannot agree with defendant that an objection based on his inability to pay would have been futile. Nor are we persuaded to exercise our discretion to review the merits of defendant's claim.

Accordingly, we deny defendant's request for remand and affirm.

**DISPOSITION**

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　RAYE, P. J.


We concur:


　　　/s/
ROBIE, J.


　　　/s/
HOCH, J.

5