Filed 5/6/21  P. v. Zyszkiewicz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN CAMERON ZYSZKIEWICZ,<br><br>    Defendant and Appellant. | F078532<br><br>(Super. Ct. No. F18904333)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  James Petrucelli, Judge.

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

SEE CONCURRING AND DISSENTING OPINION.

## INTRODUCTION

Appellant Stephen Cameron Zyszkiewicz was convicted by jury of maintaining a place for the purpose of selling, giving away, or using controlled substances. (Health & Saf. Code,[1] § 11366.) He was sentenced to three years in state prison and the court imposed various fines and fees.

Zyszkiewicz raises the following issues on appeal: (1) he was denied the right to present a defense that he was operating a legal marijuana collective under section 11362.775; (2) there is insufficient evidence to support his conviction; (3) the People were not entitled to amend the information following the parties' waiver of the preliminary hearing; (4) the cumulative effect of these errors necessitates reversal of his conviction; (5) he is entitled to a conditional remand to allow the court to determine whether he should be granted mental health diversion pursuant to Penal Code section 1001.36; and (6) he is entitled to a hearing on his ability to pay various fines and fees imposed by the court at sentencing.

The judgment of conviction is affirmed. We affirm the restitution fine but remand the matter to give Zyszkiewicz an opportunity to request an ability to pay hearing with respect to the court operations and facilities assessments.

## PROCEDURAL HISTORY

On September 7, 2018, the Fresno County District Attorney's Office filed a criminal complaint charging Zyszkiewicz with maintaining a place for selling or using a controlled substance, hashish or marijuana (§ 11366, count 1), possession of marijuana for sale by a minor (§ 11359, subd. (a), count 2), and possession of a controlled substance, mescaline (§ 11350, subd. (a), count 3).)

---

[1] All undefined statutory citations are to the Health and Safety Code unless otherwise indicated.

2.

On this same date, following the parties' waiver of the preliminary hearing, the court deemed the complaint an information.

On October 23, 2018, the People filed an intervening information charging Zyszkiewicz with one count of maintaining a place for selling or using a controlled substance, hashish, marijuana, and mescaline, in violation of section 11366.

On October 26, 2018, a jury found Zyszkiewicz guilty.

On December 10, 2018, the court sentenced Zyszkiewicz to the upper term of three years in state prison. The court also imposed the following fines and fees: a $900 restitution fund fine (Pen. Code, § 1202.4), an identical stayed parole revocation restitution fine (Pen. Code, § 1202.45), a $40 court security fee (Pen. Code, § 1465.8), and a $30 criminal conviction fee (Gov. Code, § 70373).

That same day, Zyszkiewicz filed a notice of appeal.

On December 24, 2018, Zyszkiewicz filed a supplemental notice of appeal.

## STATEMENT OF FACTS

On March 30, 2018, detectives from the Fresno Police Department were dispatched to execute a search warrant of Zyszkiewicz's apartment. Detectives recovered a cash drawer, an iPad, and a receipt-making machine on top of the kitchen table. One of the receipts located had Zyszkiewicz's name and apartment address written on it.

Inside one of the bedrooms, they discovered "enormous amounts of marijuana, marijuana products, shipping labels, packaging material, vacuum sealers, [and] vacuum bags." With respect to the marijuana and marijuana-related products, detectives found eight 8-liter and nine 17-liter sealed tins "full of dried green marijuana," two vacuum-sealed packages of marijuana labeled "28.5 grams," one vacuum-sealed package of marijuana labeled "2,800 grams," THC-infused products, including barbecue sauce, over 50 small Carmex-type containers with various labels containing the names of different strains of marijuana written on them, 35 crystalline-type containers, over 100 cylinders containing the names of strains of liquid-concentrated cannabis, 12 push puff disposable

CO2 vaporizers, boxes of individually wrapped marijuana cigarettes, over 55 clear plastic vials with labels containing the names of various strains of marijuana, lotions, and edibles.

Detectives also recovered packaging and shipping materials from Zyszkiewicz's apartment, including: 10 small and 10 large empty wooden boxes labeled "Lull Herb Company," gel packs used for keeping items cold, miniature Ziploc baggies, brown shipping boxes, and metal tins. They also found two packages addressed to individuals with addresses in Kuwait and Afghanistan.

Inside of one of the bedrooms, there were multiple working scales with a green leafy residue on top of them.

An employee from the Department of Justice tested a sample of some of the items seized. Testing confirmed that one of the items was mescaline, a controlled substance. Other items tested were determined to be concentrated cannabis and marijuana.

At trial, Detective Jeffrey Gardner discussed the difference between a dispensary, a cooperative, and a collective. A "dispensary" is a for-profit storefront that sells marijuana and marijuana-related products, whereas, a "cooperative" or "collective" is a non-profit entity comprised of a group of individuals who share a common goal of growing and sharing marijuana and marijuana-related products. Cooperatives and collectives have membership and licensing requirements, monthly or quarterly meetings, they must be registered with the Secretary of the State of California, and members share dividends from sales of the marijuana. All products are grown and shared among members of the collective. According to Detective Gardner, dispensaries, cooperatives, and collectives are illegal in Fresno County.

Zyszkiewicz told detectives he was operating a collective, however, he would not answer Detective Gardner's questions about the collective. Zyszkiewicz admitted he did not grow his own products. He received his products from a source in Northern California and packaged and shipped them out.

DISCUSSION

## I. The Trial Court Did Not Commit Prejudicial Error by Precluding Zyszkiewicz from Presenting a Collective Cultivation Defense

Zyszkiewicz contends the trial court erred by refusing to allow him to present a defense asserting that he was operating a legal marijuana collective pursuant to section 11362.775. The People assert Zyszkiewicz failed to raise a reasonable doubt that the affirmative defense applied. They further contend any error by the trial court was harmless as the evidence proffered by Zyszkiewicz to support use of the collective cultivation defense was "nonexistent." We conclude Zyszkiewicz failed to raise a reasonable doubt about the existence of the collective cultivation defense.

### A. Background

During motions in limine, the People made an oral motion "to exclude any verbal or physical evidence of medical marijuana, anything to do with the doctors, and anything to do with collectives or cooperatives in regards to marijuana." The People argued whether Zyszkiewicz possessed a prescription for the medicinal use of marijuana had "nothing to do with maintaining a place for the unlawful selling, giving away, or using of a controlled substance," and, therefore, any such evidence was irrelevant.

Zyszkiewicz stated, "I did have … some documentation about being a member of the Oklevueha Native American Church as well. And of course the nonprofit cannabis collective other side of the fence cannabis collective and, in fact, it would seem hard to discuss and do the trial without, you know, discussing Proposition 215 and the medical cannabis laws we had for quite some time." Following submission of the issue, the court granted the People's motion.

The following day, the People withdrew their motion with regard to excluding evidence about the collective in light of Zyszkiewicz's statements to Detective Gardner. Zyszkiewicz told Detective Gardner the marijuana seized in his apartment was for a

collective. The court granted the prosecutor's request, allowing limited references to collectives as it relates to Zyszkiewicz's statements.

Zyszkiewicz represented himself at trial. Outside of the presence of the jury, the parties discussed exhibits Zyszkiewicz intended to introduce into evidence. The first exhibit, "Defense Exhibit M," was a membership card for the Oklevueha Native American church, whose members consume cannabis and mescaline. The People objected, asserting the exhibit was not relevant. Zyszkiewicz explained members of the church "partake of cannabis, mescaline, otherwise known as peyote." The court sustained the People's objection, finding the membership card had no relevance to the charged offense of maintaining a place for selling or using controlled substances.

The next exhibit, "Defense Exhibit G," was a photocopy of a memorandum from the Fresno City Attorney's office regarding marijuana businesses. The People objected, arguing the memorandum was not relevant and it lacked foundation. The court sustained the People's objection, explaining, "it's not a certified copy of anything and, in fact, it explicitly tells you that you can't do what the charges against you are."

Zyszkiewicz also sought to introduce multiple exhibits which purportedly showed he was authorized to consume marijuana for medicinal purposes, including: recommendations for the consumption of cannabis by a physician and a psychiatrist, and two medical marijuana identification cards. The court sustained the prosecutor's objection to these exhibits based on relevance and a lack of foundation.

Finally, Zyszkiewicz presented "Defense Exhibit F," a seller's permit from the State of California Board of Equalization. The uncertified document was for a cannabis collective in San Mateo County. Zyszkiewicz claimed the permit was on display during the raid. The People objected, arguing the document lacked foundation "as it's not a certified document" and it was not relevant to the charged offense, which had occurred in Fresno County. Zyszkiewicz failed to offer a clear explanation as to how the permit was

relevant to the charged offense. The trial court sustained the People's objections to admission of the permit.

## B. Legal Principles

In response to the Compassionate Use Act, the Legislature enacted the Medical Marijuana Program Act (§ 11362.7, "MMPA") to " 'to implement a plan to provide for the safe and affordable distribution of marijuana to all patients' in need of it (§ 11362.5, subd. (b)(1)(C))." (*People v. Colvin* (2012) 203 Cal.App.4th 1029, 1035.) The MMPA "provides a[n] ... affirmative defense to criminal liability for qualified patients, caregivers, and holders of valid identification cards who collectively or cooperatively cultivate marijuana." (*City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1171 citing § 11362.775.) However, the MMPA does not authorize the distribution of marijuana for profit. (§§ 11362.7, subds. (d), (f), (g), 11362.765, subds. (a), (b).)

"[A] defendant is entitled to a defense under the MMPA if he or she raises but a reasonable doubt as to whether the defense applies." (*People v. Baniani* (2014) 229 Cal.App.4th 45, 59.) To establish a collective cultivation defense, the defendant must show "that members of the collective or cooperative: '(1) are qualified patients who have been prescribed marijuana for medicinal purposes, (2) collectively associate to cultivate marijuana, and (3) are not engaged in a profit-making enterprise.' " (*Ibid.*, citing *People v. Jackson* (2012) 210 Cal.App.4th 525, 529; *People v. Solis* (2013) 217 Cal.App.4th 51, 57 ["A defendant invoking the [MMPA] as a defense bears the burden of producing evidence in support of that defense.].)

## C. Analysis

At trial, Zyszkiewicz sought to use the collective cultivation defense established by the MMPA. From the record, it appears that nearly all of the evidence proffered by Zyszkiewicz is irrelevant to establishing the elements of the defense. Moreover, the trial court determined the evidence proffered lacked a proper foundation for its admission. Zyszkiewicz does not address the propriety of the trial court's ruling finding his evidence

7.

inadmissible for lack of a proper foundation. Rather, he contends "[w]hether his evidence rose to the level of reasonable doubt is irrelevant to the question of whether his defense should have been permitted." His assertion is incorrect.

For the collective cultivation defense to apply, the defendant has the burden of raising "a reasonable doubt about the existence of the defense." (*People v. Orlosky* (2015) 233 Cal.App.4th 257, 269.) Although the quantum of evidence required to invoke the defense is "minimal," a defendant must proffer at least *some* admissible evidence. (*People v. Jackson, supra*, 210 Cal.App.4th at pp. 533.) As nearly all of the evidence proffered by Zyszkiewicz to meet his burden was not supported by a proper foundation or was simply not relevant to the affirmative defense, we are compelled to conclude he failed to meet his minimal burden.

The only evidence showing Zyszkiewicz may have been a member of a marijuana collective was a statement he made to Detective Gardner, claiming the marijuana in his possession was "for a collective." Zyszkiewicz did not testify at trial, nor did he offer any independent admissible evidence to corroborate his claim. Without more, his bare assertion is insufficient to support the conclusion that he was entitled to assert the collective cultivation defense.[2]

Zyszkiewicz contends the trial court thwarted him from presenting a collective cultivation defense by "ruling that because marijuana collectives are illegal in Fresno

---

[2]    The record shows Zyszkiewicz did attempt to introduce evidence showing he had a medical marijuana card. It appears he was attempting to establish he was a "qualified patient" within the meaning of the MMPA. " 'A *qualified patient* is someone for whom a physician has previously recommended or approved the use of marijuana for medical purposes.' " (*People v. Jackson*, *supra*, 210 Cal.App.4th at p. 530, italics in original.) While the trial court ruled this evidence was not relevant—even though it pertains to an element of the collective cultivation defense—it also ruled this evidence was not supported by a proper foundation. Because Zyszkiewicz does not claim that a proper foundation had been laid for this evidence, we find no error in the court's exclusion of this evidence.

County, any evidence [he] would present relating to a collective or his medical marijuana use would be irrelevant." He contends *People v. Ahmed* (2018) 25 Cal.App.5th 136 (*Ahmed)* and *People v. Urziceanu* (2005) 132 Cal.App.4th 747 (*Urziceanu*), are instructive. We reject his argument for several reasons.

First, contrary to his assertion, the trial court did not foreclose Zyszkiewicz from presenting evidence based upon an erroneous conclusion that the collective cultivation defense could not be asserted as a matter of law. Indeed, the court considered his proffered evidence but found it lacked both relevance and a proper foundation. For example, Zyszkiewicz attempted to introduce an uncertified copy of a seller's permit for a collective in San Mateo County. Section 11362.775 requires proof that "[t]he collective or cooperative is in possession of a valid seller's permit issued by the State Board of Equalization." (§ 11362.775, subd. (b)(4).)

As Zyszkiewicz did not explain how the permit pertains to the operation he was running out of his apartment in Fresno County, we can only infer it might be relevant to the collective cultivation defense. And, even assuming Zyszkiewicz had shown the permit was relevant, he still failed to lay a proper foundation for admission of the uncertified document. The remainder of the evidence proffered by Zyszkiewicz suffers from similar infirmities, lacking either relevance to the collective cultivation defense, a proper foundation, or both. Consequently, even if the trial court had erroneously held the defense could not be asserted as a matter of law, prejudice cannot be inferred upon this record as Zyszkiewicz failed to proffer relevant and admissible evidence showing the defense should have applied.

Second, insofar as Zyszkiewicz suggests there was other evidence he could have presented to support his defense but for the trial court's erroneous ruling, we can only speculate as to what other evidence he may be referring to. His assertion is insufficient to demonstrate actual prejudice. (*People v. Price* (1985) 165 Cal.App.3d 536, 542 [prejudice cannot be based on speculation, or "the mere *possibility* of prejudice"].)

9.

Finally, Zyszkiewicz's reliance upon *Ahmed* and *Urziceanu* is misplaced as both cases are factually distinguishable from the instant case. In *Ahmed*, the Court of Appeal concluded that a local ban on medical marijuana dispensaries did not abrogate the medical marijuana defense in a criminal prosecution under state law. (*Ahmed, supra,* 25 Cal.App.5th at p. 143.) The appellate court explained, "[w]hile a local government remains free to enact local ordinances to regulate (or prohibit) medical marijuana operations within its jurisdiction [citations], nothing in law or logic supports an extension of local government power over land use within its borders to, in effect, nullify a statutory defense to violations of state law." (*Ibid*.)

In *Ahmed*, the record contained ample evidence supporting the conclusion that the collective cultivation defense applied. The defendant had testified the collective was being legally run, that only patients with medical marijuana cards were permitted in the sales room, that he paid taxes, his collective was a nonprofit, and all profits received were put back into the business. (*Ahmed, supra*, 25 Cal.App.5th at p. 143.) An investigating officer also testified that out of thousands of records seized, only five or six of the collective members' records did not contain California identifications. All of the members had provided a physician's recommendation for the consumption of marijuana. (*Id*. at pp. 143-144.)

In *Urziceanu,* the defendant raised the Compassionate Use Act as a defense to marijuana charges and was acquitted of cultivating marijuana and the sale of marijuana, but convicted of conspiracy to sell marijuana. (*Urziceanu, supra*, 132 Cal.App.4th at p. 782.) At trial, he had presented substantial evidence showing he was operating a marijuana collective, including: evidence showing he and his codefendant were qualified patients; the collective had established policies and procedures; members of the collectives had verified prescriptions and identities, paid membership fees, and reimbursed the defendant for costs incurred in cultivation; and members participated at the collective by assisting with cultivation, delivery, and processing new applications.

10.

(*Id*. at p. 786.)  The Court of Appeal reversed the trial court's ruling, finding the defendant had produced substantial evidence supporting the conclusion he was entitled to use the collective cultivation defense, which applied retroactively to his case.  (*Id.* at pp. 785-786.)

In contrast, the record here contains virtually no evidence showing Zyszkiewicz was participating in a collective.  He made no offer of proof concerning the size of his alleged collective's membership, its volume of purchases, level of member's participation, whether the collective was formally established as a nonprofit, whether it maintained financial records, its level of accountability to its members, or whether it incurred a profit or loss.  (CALCRIM No. 3413 [Collective or Cooperation Cultivation Defense.  (Health & Saf. Code, § 11362.775.)  As the evidence proffered by Zyszkiewicz supporting use of the collective cultivation defense was practically nonexistent, his reliance upon *Ahmed* and *Urziceanu* does not assist him.

Zyszkiewicz further contends the trial court's failure to instruct on the collective cultivation defense sua sponte was prejudicial.  Based upon the record before us, we are persuaded the instruction was not warranted.  Zyszkiewicz did not request such an instruction and the minimal evidence that he was operating a cannabis collective was plainly insufficient to impose on the trial court a duty to give the collective cultivation instruction.

## II.     Substantial Evidence Supports Appellant's Conviction

Zyszkiewicz submits there is insufficient evidence supporting his conviction for selling or using a controlled substance.  The People disagree, as do we.  The evidence supporting Zyszkiewicz's conviction is overwhelming.

"When a defendant challenges the sufficiency of the evidence, ' "[t]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty

11.

beyond a reasonable doubt." ' " (*People v. Clark* (2011) 52 Cal.4th 856, 942-943, citing *People v. Davis* (1995) 10 Cal.4th 463, 509.) "All conflicts in the evidence are resolved in favor of the judgment." (*People v. Neely* (2009) 176 Cal.App.4th 787, 793.) A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Section 11366 requires the People to prove (1) the defendant opened or maintained a place, (2) with the intent to sell a controlled substance. (CALCRIM No. 2440; *People v. Hawkins* (2004) 124 Cal.App.4th 675, 680; *People v. Horn* (1960) 187 Cal.App.2d 68, 73.)

When detectives executed a search warrant of Zyszkiewicz's apartment they found indicia of drug sales, including: copious amounts of marijuana and marijuana-related products, packaging and shipping materials, a cash drawer and an iPad, a receipt-making machine, and multiple working scales with marijuana residue on them. In addition, they found two shipping packages containing addresses for individuals in Kuwait and Afghanistan. When detectives asked Zyszkiewicz if he was operating a dispensary from his apartment, he claimed he was operating a collective but he would not provide any details about the collective.

From this evidence, the jury could find beyond a reasonable doubt that Zyszkiewicz maintained his apartment with the intent to sell cannabis, a controlled substance. As Zyszkiewicz's assertions to the contrary rest upon factual inferences that conflict with the judgment of conviction, or rest upon alternative explanations of the People's evidence, we do not address them.

### III.    The People's Amendment of the Information

Zyszkiewicz contends the People improperly amended the information following the parties' waiver of the preliminary hearing. The People contend Zyszkiewicz forfeited

his claim by failing to object. In any event, they argue the amendment was proper. We conclude Zyszkiewicz has forfeited his objection.

**A.    Background**

On September 7, 2018, the parties agreed to an open waiver of the preliminary hearing. The court explained the open waiver would permit the People to review the discovery and add further charges pursuant to an intervening information. Zyszkiewicz indicated he understood. The court accepted the waiver, finding it had been knowingly, intelligently, and voluntarily made. The court then deemed the complaint to be an information. The information charged Zyszkiewicz with maintaining a place for selling or using a controlled substance, hashish and marijuana (§ 11366; count 1); possession of marijuana for sale by a minor, an infraction (§ 11359, subd. (a); count 2); and misdemeanor possession of a controlled substance, mescaline (§ 11350, subd. (a); count 3).

On October 23, 2018, the People filed an intervening information removing count 2 and 3, and amended count 1 to a charge of maintaining a place for selling or using a controlled substance to wit, hashish, marijuana, *and mescaline* (§ 11366; count 1). At trial, Zyszkiewicz acknowledged that a "small amount of Mescaline, one strong dose" was found in his apartment. However, he argued the People had failed to prove beyond a reasonable doubt that he was selling cannabis "or the little bit of mescaline that was [in his apartment]."

**B.    Legal Principles**

Pursuant to Penal Code section 1009, the People are generally prohibited from amending an accusatory pleading to add additional charges following a defendant's waiver of his right to a preliminary hearing. (*People v. Peyton* (2009) 176 Cal.App.4th 642, 654.) "[Penal Code] section 1009 prohibits adding new charges to an accusatory pleading after the defendant has waived his right to a preliminary hearing on that pleading. In enacting section 1009, the Legislature determined that an accusatory

13.

pleading cannot be amended based on evidence not taken at the preliminary hearing. And when, … no preliminary hearing is held, the pleading cannot be amended to add additional charges." (*Ibid*.)  Amendments to the accusatory pleading are prohibited "even if the defendant had notice of the underlying facts or would not be prejudiced by it." (*People v. Mora-Duran* (2020) 45 Cal.App.5th 589, 599.)

However, "not every amendment to an information after a preliminary hearing is waived violates Penal Code section 1009 or a defendant's due process rights. Amendments that do not allege new charges and that do not constitute a 'significant variance' from the original are permissible." (*People v. Mora-Duran, supra,* 45 Cal.App.5th at p. 659, citing *People v. Peyton, supra,* 176 Cal.App.4th at p. 659-660.)

### C.    Forfeiture

Zyszkiewicz concedes he failed to object to the amendment to the information. Relying upon a concurring opinion by Justice Mosk in *People v. Smith* (2001) 24 Cal.4th 849, he requests we exercise our discretion to reach the merits of his claim, observing that "forfeiture does not *prohibit* an appellate court from reaching a nonpreserved claim, but merely *allows* it not to do so." (*Id*. at p. 854 (conc. opn. of Mosk, J.).)  In the absence of a compelling reason to depart from the rule against forfeiture, we decline to exercise our discretion to reach the merits of his claim.

Zyszkiewicz fails to persuasively argue that the People's amendment to the information represented a significant variance from the original charges, that it exposed him to additional punishment, or that he otherwise lacked sufficient notice of charges against him resulting in a violation of his right to due process.  The criminal complaint alleged he had maintained a place for selling or using a controlled substance, hashish or marijuana (§ 11366, count 1).  The information merely added mescaline to the list of controlled substances supporting count 1.  The fact that Zyszkiewicz had been found in possession of mescaline was already alleged in count 3 of the complaint (§ 11350, subd. (a)).  Thus, the inclusion of mescaline in the list of controlled substances supporting

14.

count 1 does not represent a significant variance from the original complaint. In light of Zyszkiewicz's failure to object below, we decline to address his additional arguments concerning the People's amendment of the information. His claim is deemed forfeited.

### D. Sufficiency of the Evidence Supporting Count 1 Based Upon Mescaline

Zyszkiewicz further contends if this court finds he has forfeited his claim, or resolves the merits of his argument against him, that there was insufficient evidence he maintained a place for the purpose of selling or giving away or using mescaline. Assuming, arguendo, the record contains insufficient evidence showing Zyszkiewicz maintained a place for selling or using mescaline (§ 11366), that does not support reversal of his conviction.

"Where the jury considers both a factually sufficient and a factually insufficient ground for conviction, and it cannot be determined on which ground the jury relied, we affirm the conviction unless there is an affirmative indication that the jury relied on the invalid ground." (*People v. Marks* (2003) 31 Cal.4th 197, 233; see also *People v. Guiton* (1993) 4 Cal.4th 1116, 1128-1129.) Zyszkiewicz suggests the small quantity of mescaline discovered in his apartment is insufficient to support count 1. However, he fails to direct this court to anything in the record which indicates the jury based their verdict of guilt on the presence of mescaline in his apartment. We therefore reject his assertion.[3]

## IV. Appellant Forfeited His Assertion That He is Entitled to Mental Health Diversion

Zyszkiewicz argues he is entitled to retroactive relief pursuant to Penal Code section 1001.36, the mental health division statute. The People correctly assert

---

[3] Zyszkiewicz submits the cumulative effect of the errors asserted in part I through III of his opening brief necessitates reversal of his conviction. Because we conclude he has failed to demonstrate error based upon any of his arguments, we need not address his argument that reversal is required based upon the cumulative effect of the asserted errors.

Zyszkiewicz has forfeited his argument. Penal Code section 1001.36 was enacted June 27, 2018, months *before* the commencement of Zyszkiewicz's criminal trial. As Zyszkiewicz failed to seek relief under Penal Code section 1001.36, which applied prospectively to his case, his reliance upon *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, and *People v. Frahs* (2018) 27 Cal.App.5th 784, do not assist him.

## A.    The Pretrial Mental Health Diversion Statute

Penal Code section 1001.36 was enacted on June 27, 2018 and took effect immediately. (Stats. 2018, ch. 34, §§ 24, 37.) Penal Code section 1001.36 sets forth a pretrial diversion program for certain defendants diagnosed with qualifying mental disorders. (Pen. Code, § 1001.36, subd. (a).) If a defendant satisfies the six criteria specified in the statute, the court may postpone criminal proceedings to allow the defendant to undergo mental health treatment. (Pen. Code, § 1001.36, subds. (a), (c).)

If the defendant performs satisfactorily in diversion, the trial court shall dismiss the criminal charges against the defendant that were the subject of the criminal proceedings at the time of the initial diversion. (Pen. Code, § 1001.36, subd. (e).) Our Supreme Court recently held that the mental health diversion statute applies retroactively to cases not yet final as of its effective date. (*People v. Frahs* (2020) 9 Cal.5th 618, 630.) *Frahs* held "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when[] … the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Id.* at p. 640.)

## B.    Analysis

At the time Zyszkiewicz was originally charged, Penal Code section 1001.36 had been in effect for several months. Zyszkiewicz represented himself at trial. It was incumbent upon him to know the law, to request mental health diversion, and to make a prima facie case showing he met the minimum requirements for eligibility as set forth by

16.

Penal Code section 1001.36, if required by the court. (Pen. Code, § 1001.36, subd. (b)(3).)

In his reply brief, Zyszkiewicz acknowledges Penal Code section 1001.36 "took effect approximately four months before his trial," but "it cannot be said that its significance was well-known and its use well-settled." We are not persuaded. Four months is a sufficient period of time to presume the legal community has become aware of the existence of a new law. And, although Zyszkiewicz represented himself at trial, he was charged with knowledge of the law, including Penal Code section 1001.36. Because he failed to seek mental health diversion at any point during the course of criminal proceedings, we decline to consider his request for diversion now.

## V. Appellant is Entitled to Request an Ability to Pay Hearing

Relying upon *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Zyszkiewicz asserts his due process rights were violated when the trial court imposed—without a determination of his inability to pay—restitution fines and assessments. He contends his case must be remanded back to the trial court for an ability to pay hearing.[4] The People argue forfeiture, they contend the punitive restitution fine is not unconstitutionally excessive, and imposition of the nonpunitive fines without a hearing on Zyszkiewicz's ability to pay is harmless error in light of the record.

We conclude Zyszkiewicz has not forfeited his challenge to the court assessments (Pen. Code, § 1465.8; Gov. Code, § 70373) imposed at sentencing. We further conclude, that a defendant must have the opportunity to request an ability to pay hearing before

---

[4] The question of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and, if so, which party bears the burden of proof regarding the defendant's ability to pay, is currently pending review before the California Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

17.

nonpunitive assessments are imposed at sentencing. Our reasoning is fully set forth in *People v. Son* (2020) 49 Cal.App.5th 565 (*Son*).

Insofar as the People argue the existing record demonstrates the court's failure to conduct a hearing on Zyszkiewicz's inability to pay is harmless beyond a reasonable doubt, we disagree. Zyszkiewicz has not yet had the opportunity to request a hearing on his ability to pay and to make a showing that he could not pay the assessments imposed at sentencing. Thus, the existing record is necessarily incomplete with respect to his ability to pay the assessments.

With respect to the restitution fine (Pen. Code, § 1202.4, subd. (b)), Zyszkiewicz failed to object to imposition to the fine below. Consequently, his argument is deemed forfeited.

Even assuming Zyszkiewicz had lodged a timely objection below, we reject his assertion that an ability to pay hearing was constitutionally required before imposition of the fine, which is punitive in nature.[5] As we have explained in *People v. Son*, *supra*, 49 Cal.App.5th at pages 578-579: "[I]n light of the United States Supreme Court precedents clarifying that, under the Constitution, indigency is not a bar to enforcement of monetary judgments arising from unpaid fines imposed as *punishment*, we disagree with *Dueñas* to the extent it ... holds an ability to pay hearing is constitutionally required before imposition of the restitution fine." We therefore reject Zyszkiewicz's challenge to the restitution fine under *Dueñas*.

Finally, as to Zyszkiewicz's assertion claiming the fines and assessments are "excessive" under the excessive fines clauses of the federal and state Constitutions, we need not resolve his claim. As discussed, Zyszkiewicz is entitled to a limited remand for

---

[5] The court also imposed and stayed a matching $900 parole revocation restitution fine (Pen. Code, § 1202.45, subd. (a)). However, because this fine is essentially a corollary of the restitution fine imposed under Penal Code section 1202.4, subdivision (b), we will not separately address it. (See Pen. Code, § 1202.45, subd. (a).)

18.

purposes of requesting an ability to pay hearing on the assessments imposed at sentencing. On remand, Zyszkiewicz may raise his challenge to the restitution fine under the excessive fines clause in the first instance.

## A. Background

During sentencing, the court imposed the following fines and fees: a restitution fine in the amount of $900 (Pen. Code, § 1202.4); a suspended matching parole revocation fine (Pen. Code, § 1202.45); a $40 court security fee (Pen. Code, § 1465.8); and a $30 criminal conviction assessment (Gov. Code, § 70373).

## B. Forfeiture

The People argue Zyszkiewicz is not entitled to relief because he did object to the assessments and fines in the trial court. With respect to the restitution fine, "[c]ourts have generally declined to apply the forfeiture doctrine where the minimum restitution fine was imposed because the statute expressly precludes objection in that circumstance." (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1116; *Son*, *supra*, 49 Cal.App.5th at pp. 596-597; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1031.)

Alternatively, where the trial court imposes a restitution fine in excess of the minimum required by statute (over $300), an objection based upon a defendant's asserted inability to pay "would not have been futile under governing law at the time of [their] sentencing hearing[s]." (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073-1074.) Under this circumstance, "[Penal Code] [s]ection 1202.4 expressly contemplates an objection based on inability to pay." (*Frandsen,* at pp. 1153-1154; *Lowery,* at pp. 1053-1054; *Aviles,* at pp. 1073-1074.)

Here, because a $900 restitution fine was imposed, Zyszkiewicz had the statutory right to object to the fine insofar as it exceeded the minimum amount required by statute. (See Pen. Code, § 1202.4, subd. (c).) Because Zyszkiewicz failed to object, we conclude he forfeited his challenge to the restitution fine under basic forfeiture principles.

19.

However, we decline to infer because Zyszkiewicz failed to object to imposition of the restitution fine upon statutory grounds, he also necessarily forfeited his constitutional challenge to imposition of the court operations (Pen. Code, § 1465.8) and court facilities assessments (Gov. Code, § 70373).  The court operations and facilities assessments must be imposed by the court "on *every conviction* for a criminal offense." (Pen. Code, § 1465.8; Gov. Code, § 70373, italics added.)  Zyszkiewicz "falls into that dwindling category of defendants who had no realistic opportunity to contest the imposition of fines and fees at the time of their pre-*Dueñas* sentencing.  (*Son, supra*, 49 Cal.App.5th at p. 598 [conc. opn. of Snauffer, J.], citing *People v. Castellano* (2019) 33 Cal.App.5th 485, 489-490.)  "[P]rior to *Dueñas*, it was not reasonably foreseeable that a trial court would entertain an objection to assessments that are prescribed by statute." (*People v. Santos* (2019) 38 Cal.App.5th 923, 932.)  Thus, while the defendant in *Dueñas* requested a hearing on her ability to pay attorney fees and court fees (*Dueñas, supra*, 30 Cal.App.5th at p. 1162), it is unreasonable to expect other defendants, pre-*Dueñas*, to have made a similar request.

*Dueñas* announced a new, unexpected application of the law.  When, as here, a defendant's challenge on direct appeal is based on a newly announced constitutional principle that could not reasonably have been anticipated at the time of trial, reviewing courts have declined to find forfeiture.  (*Son*, *supra*, 49 Cal.App.5th at p. 598; *People v. Montes*, *supra*, 59 Cal.App.5th 1107; *Jones, supra*, 36 Cal.App.5th at p. 1034; but see, *People v. Frandsen*, *supra*, 33 Cal.App.5th at pp. 1153-1154 [defendant forfeited challenge by not objecting to the assessments and restitution fine at sentencing].)  We therefore reject the People's assertion that Zyszkiewicz forfeited his challenge to imposition of the court operations and facilities assessments.

### C.    The Eighth Amendment

Zyszkiewicz also argues the court-imposed fines and fees are unconstitutional under the excessive fines clauses of the federal and State Constitutions.  In light of our

20.

conclusion that he is entitled to an ability to pay hearing on the court assessments, we need not address his claim that the fines and fees imposed are "excessive" within the meaning of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution. On remand, Zyszkiewicz shall have the opportunity to request a hearing on his ability to pay the restitution fine. Should he request a hearing on his ability to pay the fines and assessments imposed by the court, he shall have the burden of demonstrating an inability to pay.

## DISPOSITION

The judgment of conviction is affirmed. The matter is remanded for further proceedings. On remand, Zyszkiewicz shall be afforded the opportunity to request an ability to pay hearing with respect to the court facilities assessment (Gov. Code, § 70373) and the court operations assessment (Pen. Code, § 1465.8). If Zyszkiewicz requests a hearing and he demonstrates an inability to pay these assessments, they must be stricken; otherwise they shall remain in effect. The restitution fine previously imposed is affirmed, as an ability to pay hearing is not constitutionally required with respect to the restitution fine.

SMITH, Acting P.J.

I CONCUR:


SNAUFFER, J.

21.

**DE SANTOS, J., Concurring and Dissenting**

I concur with the majority in every respect but one.  As to appellant's claim under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, I agree with the majority that appellant forfeited his claim as to the restitution fine for the reasons stated.  However, I disagree that we cannot infer he also forfeited his claim as to the court security fee and criminal conviction assessment.  Because appellant failed to object to the $900 restitution fine, as a practical matter, I infer he would not have complained on similar grounds to the substantively smaller amount of $70 for the fee and assessment.  (See *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033.)  As such, I would affirm the judgment in whole and not order remand for appellant to request an ability to pay hearing on the court security fee and criminal conviction assessment.

DE SANTOS, J.
