Filed 5/26/21  P. v. Young CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B302431 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SA101002 |
| v. | |
| CHEVELLE R. YOUNG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William L. Sadler, Judge. Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Scott C. Taylor and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant and appellant Chevelle Ryan Young of second degree robbery, and the trial court sentenced him to four years in state prison. On appeal, Young asserts: (1) the trial court's jury instruction on the deadly or dangerous weapon enhancement was prejudicially erroneous; (2) the court erred by not giving a clarifying response to a jury question; (3) the court erred by not instructing on petty theft as a lesser included offense; (4) the abstract of judgment must be corrected; and (5) the case should be remanded in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) for a hearing on his ability to a pay a court operations assessment, a court facilities assessment, and a restitution fine. We order the abstract of judgment corrected to accurately reflect the sentence the trial court orally imposed. In all other respects, the judgment is affirmed.

# PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging Young with second degree robbery. (Pen. Code,[1] § 211.) The information further alleged he used a deadly or dangerous weapon during the commission of the offense. (§ 12022, subd. (b)(1).) The jury found Young guilty and found the weapon enhancement true. The trial court sentenced him to four years in state prison, consisting of a three-year middle term for

---

1 All further undesignated statutory references are to the Penal Code.

the robbery, plus one year for the weapon enhancement. Young timely appealed.

## FACTUAL BACKGROUND

On the morning of July 21, 2019, Young walked into a Santa Monica liquor store and took a beer from the cooler. When Young left the store without paying, the clerk objected and followed him toward the exit. Young pulled a boxcutter with an exposed razor blade from his pocket and held it out at the clerk from about two feet away. This frightened the clerk. The clerk put his hands up, stated, "you sure do want that beer badly," and took no further action. Young walked away with the beer. The clerk called the police. A police officer located Young, drinking the beer, about 100 yards away from the liquor store. Young had a boxcutter with a sharp blade in his pocket. The clerk identified Young in a curbside show up. A still image of Young holding the beer inside the liquor store was captured from the store's security camera. In an interview with an investigating detective, Young admitted stealing the beer and brandishing the boxcutter toward the clerk.

## DISCUSSION

I. **Young's instructional error argument concerning the weapon enhancement**

Young argues the trial court prejudicially erred when instructing the jury on the deadly or dangerous weapon enhancement. He first argues the court erred by instructing the

jury that it could find he used a deadly or dangerous weapon under either of two theories, one of which was legally erroneous. He also argues the court erred by omitting a paragraph from the instruction it had a sua sponte duty to include. With respect to Young's first argument, the Attorney General contends that although the court initially instructed the jury on two theories, one of which was legally erroneous, the error was cured when the court realized its mistake and modified the instruction accordingly. In regard to Young's second argument, the Attorney General contends the court did not have a sua sponte duty to include the additional paragraph, as the paragraph was a pinpoint instruction the court had the discretion to either include or omit. The Attorney General lastly argues even assuming the court erred, any error was harmless. Regarding Young's first argument, we agree with the Attorney General that the court cured the error by modifying its instruction to the jury. With respect to Young's second argument, we conclude that even assuming the court had a sua sponte to include the additional paragraph, the error was harmless. We therefore reject Young's contention that the court's instruction was prejudicial error.

Using CALCRIM No. 3145, the trial court initially instructed the jury that it could find Young guilty of using a deadly or dangerous weapon under either of the following two theories: (1) a boxcutter is an inherently deadly weapon; or (2) Young used the boxcutter in a manner likely to cause death or great bodily injury.[2] The first theory was legally erroneous

---

2 The instruction provided: "A deadly or dangerous weapon is any object, instrument, or weapon that is inherently deadly or dangerous or one that is used in such a way that it is capable of causing and likely to cause a death or great bodily injury."

because a boxcutter, as a matter of law, is not an inherently deadly weapon. (See *People v. Aledamat* (2019) 8 Cal.5th 1, 6 (*Aledamat*).)

After concluding the initial jury instructions, the court sent the jury to begin deliberations at 4:25 p.m. on October 23, 2019. Five minutes later, the court excused the jury for the day. The jury resumed deliberations at 9:15 the following morning. Fifty-five minutes later, defense counsel objected to the court's instruction in light of *Aledamat*. The court agreed with defense counsel, and modified CALCRIM No. 3145 by striking the language telling the jury it could find the boxcutter to be a deadly or dangerous weapon if it found it to be inherently deadly. The corrected instruction provided: "A deadly or dangerous weapon is any object, instrument, or weapon that is used in such a way that is capable of causing and likely to cause death or great bodily injury."

Young first argues that, despite the court's correction of CALCRIM No. 3145, reversal is required because the jury was incapable of following the correction. We are not persuaded. The court provided the jury with a correct recitation of the law. Nothing more was required. (See, e.g., *People v. Sanchez* (2001) 26 Cal.4th 834, 852 ["Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions. [Citation.]"].) Nor are we persuaded by Young's contention that the court somehow downplayed the significance of the error. Simply put, the court realized the error and corrected it. Having concluded the trial

5

court properly corrected the instruction to omit the legally invalid theory, it follows that Young suffered no prejudice.[3]

We now turn to Young's contention that the court prejudicially erred by omitting a paragraph from CALCRIM No. 3145. The omitted paragraph would have provided: "In deciding whether an object is a deadly weapon, consider all the surrounding circumstances, including when and where the object was possessed[,] [and] [where the person who possessed the object was going][,] [and] [whether the object was changed from its standard form] [and any other evidence that indicates whether the object would be used for a dangerous, rather than a harmless, purpose.]." (CALCRIM No. 3145.) The parties disagree over whether the court had a sua sponte duty to include this paragraph. Young argues the court had a sua sponte duty to do so, whereas the Attorney General contends the paragraph was merely a pinpoint instruction, which the court had the discretion to include or omit. We need not resolve this disagreement, however, because the omission of the paragraph was harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed. 705].) The omitted paragraph, which speaks in general terms, would not have added anything of consequence to the correct instruction the court had already provided, which explained that "[a] deadly or dangerous

---

3      We reject Young's argument that the purported error and prejudice were reinforced when the prosecution implied the jury could find the enhancement true because the boxcutter was an inherently deadly weapon. The jury was instructed that if the prosecution's argument conflicted with the instructions given by the court, the jury must follow the court's instructions. (CALCRIM No. 200; see *Sanchez*, *supra*, 26 Cal.4th at p. 852 [jurors are presumed to have followed the court's instructions].)

weapon is any object, instrument, or weapon that is used in such a way that is capable of causing and likely to cause death or great bodily injury."

For the above reasons, we reject Young's argument that the weapon enhancement instructions were prejudicially erroneous.

## II.    Young's jury question argument

Young next contends the trial court prejudicially erred by providing an inadequate response to a jury question. The Attorney General counters that the trial court's response to the jury question was legally correct, and even assuming it was not, the error was harmless. We agree with the Attorney General.

### A. Background

The court instructed the jury on robbery using CALCRIM No. 1600. That instruction told the jury, among other things, that in order to find Young guilty of robbery, it had to conclude he "used force or fear to take the property or to prevent the person from resisting[.]"

During deliberations, the jury asked the court several questions. The court deemed one of the questions indecipherable and asked the jury to clarify it. The jury redrafted the question as follows: "If the defendant was acting in self-defense, would this negate elements for robbery[?]" The court responded: "The issue is not whether self-defense negates elements for robbery. The issue is whether the people have affirmatively proved the elements of the offense under [CALCRIM No.] 1600." In addition

7

to providing this response, the court reread CALCRIM No. 1600 to the jury.

Prior to the jury asking this question and the court answering it, when discussing a different jury question, the parties and the trial court agreed that a self-defense instruction was not warranted because that defense does not apply to the crime of robbery.

### B. Analysis[4]

Young asserts the trial court's response to the jury question was legally erroneous. He argues the court should have instructed the jury that if the clerk was not reasonably exercising the right to use force to detain Young or retain the stolen property, this would be sufficient to negate some or all of the elements of robbery.

We apply de novo review in assessing whether the jury instructions were legally erroneous. (See *People v. Posey* (2004) 32 Cal.4th 193, 218.) Applying this standard, we conclude the trial court's answer to the jury question was legally correct. It is well-established that self-defense is not a defense to robbery. (See, e.g., *People v. Costa* (1963) 218 Cal.App.2d 310, 316 ["Self-defense, is not, of course, a recognized defense to a charge of robbery"]; see also *People v. Gomez* (2008) 43 Cal.4th 249, 264 (*Gomez*) ["We reject any effort by defendant to shift the blame to the victim. It is the conduct of the perpetrator who resorts to

---

4      The parties disagree over whether trial counsel objected to the court's response. From our reading of the record, it is not entirely clear, but it does appear trial counsel objected. We therefore address the issue on the merits.

8

violence to further his theft, and not the decision of the victim to confront the perpetrator, that should be analyzed in considering whether a robbery has occurred."].) We therefore reject Young's contention that the trial court's response was erroneous.

## III.  Young's lesser included offense argument

Young next contends the trial court erred by not instructing on theft as a lesser included offense of robbery. We are not persuaded.

"A trial court has a sua sponte duty to instruct the jury on a lesser included uncharged offense if there is substantial evidence that would absolve the defendant from guilt of the greater, but not the lesser, offense. [Citation.]" (*People v. Simon* (2016) 1 Cal.5th 98, 132.) Substantial evidence is evidence from which a jury composed of reasonable persons could conclude the lesser offense, but not the greater, was committed. (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) "Speculation is insufficient to require the giving of an instruction on a lesser included offense. [Citations.]" (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.) "An appellate court applies the independent or de novo standard of review to the failure by a trial court to instruct on an uncharged offense that was assertedly lesser than, and included, in a charged offense." (*People v. Waidla* (2000) 22 Cal.4th 690, 733.)

"'Theft is a lesser included offense of robbery, which includes the additional element of force or fear.' [Citation.]" (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055.) The "force or fear need not occur at the time of the initial taking. The use of force or fear to escape or otherwise retain even temporary

9

possession of the property constitutes robbery. [Citations.]" (*People v. Flynn* (2000) 77 Cal.App.4th 766, 772.) As mentioned above, "[i]t is the conduct of the perpetrator who resorts to violence to further his theft, and not the decision of the victim to confront the perpetrator, that should be analyzed in considering whether a robbery has occurred." (*Gomez, supra,* 43 Cal.4th at p. 264.)

Applying these principles, we conclude the trial court was correct in omitting the theft instruction. The prosecution's case consisted primarily of the clerk's testimony. That testimony showed that, by brandishing the boxcutter, Young used force or fear to accomplish the taking of the beer. No evidence was presented (by either party) to suggest Young did not accomplish the taking by means of force or fear. Accordingly, substantial evidence did not support a reasonable conclusion that Young committed theft but not robbery.

## IV.    Abstract of judgment

We agree with the parties that Young's abstract of judgment should be corrected. The abstract of judgment states the trial court sentenced Young to five years in state prison, consisting of a four-year term for the robbery conviction and a one-year weapon enhancement under section 12022, subdivision (b)(1). A review of the reporter's transcript shows the court actually sentenced Young to a three-year middle term for the robbery[5] plus the one-year weapon enhancement, for a total of

---

5    Section 213, subdivision (a)(2) provides: "Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years."

four years in state prison. We are authorized to order correction of an abstract of judgment that does not accurately reflect the sentence imposed orally by the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We order Young's abstract corrected to reflect the sentence orally imposed.

## V. Young's *Dueñas* argument

The trial court imposed a $40 court security assessment (§ 1465.8, subd. (a)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b)). Relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157, Young now challenges the assessments and fine.[6] Young concedes he did not object to the imposition of the assessments or fine. Young was sentenced 10 months after *Dueñas* was decided. Young has forfeited his *Dueñas* argument by failing to object. (See *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155.)

We also reject Young's contention, raised in the alternative, that his counsel's failure to object constituted ineffective assistance of counsel. To establish ineffective assistance of counsel, an appellant bears the burden of showing prejudice, meaning a reasonable probability that but for the challenged act or omission of counsel, the appellant would have obtained a more

---

6    Our Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844, on the issue of whether a trial court must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments[,]" and if so, "which party bears the burden of proof regarding defendant's inability to pay."

11

favorable result. (*People v. Centeno* (2014) 60 Cal.4th 659, 674-676; see also *In re Crew* (2011) 52 Cal.4th 126, 150 ["If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient [Citations.]"].) Although Young suggests there is a reasonable probability the trial court would have found he lacked the ability to pay the fine and assessments, he identifies no support for this assertion other than his use of the public defender at trial and appointed counsel on appeal. (Cf. *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1075-1076 [inability to pay costs of appointed counsel does not establish inability to pay restitution fine or other court-imposed fees].) Further, the court might have found him able to pay the fine and assessments from prison wages. (See *id.* at pp. 1075-1077 [any *Dueñas* error was harmless due to defendant's ability to earn prison wages equaling amount of fine and assessments]; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [same]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [same].) He therefore fails to satisfy his burden to show prejudice.

## DISPOSITION

The abstract of judgment is ordered modified to reflect the four-year sentence the trial court imposed. The judgment is otherwise affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


COLLINS, J.