Filed 2/23/22  P. v. Dixon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON EDWARD DIXON,<br><br>    Defendant and Appellant. | D079067<br><br>(Super. Ct. No. C1765213) |

APPEAL from a judgment of the Superior Court of Santa Clara County, Socrates Manoukian, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Rene A. Chacon and Juliet B. Haley, Deputy Attorneys General for Plaintiff and Respondent.

Jason Edward Dixon pleaded no contest to several charges in case Nos. C1765213, B1793132, C1770118, C1771354, C1887270, and C1892750. As to case No. C1892750, he admitted he committed six crimes while released on bail. (Pen. Code,[1] § 12022.1.)

Under the plea agreement, the court sentenced Dixon to 12 years in state prison. It ordered total victim restitution of $172,988.04 as follows: in case No. B1793132, $1800 to Steven Foster; in case No. C1770118, $500 to Maekin Healy; in case No. C1892750 jointly and severally $27.97 to Veronica Niem, $4445.86 to Linda Hambly, $714.21 to the United States Postal Service and $500 to Shandesh Veerapur; and in case No. C1765213, $165,000 to David Delano Ward. It also ordered Dixon to pay total restitution fines of $14,500 (§ 1202.4, subd. (b)), a $40 fee (§ 1202.5), $124 in penalty assessments, a court operations assessment of $2160 (§ 1465.8) and a criminal conviction assessment of $1620.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 (*Dueñas*), in which the court held that imposition of a restitution fine without consideration of a defendant's ability to pay violates the constitutional guarantee of due process, Dixon contends the trial court erred by imposing the court facilities fee, court operations assessment, section 1202.4 restitution fine of $14,500, and the victim restitution fine of $172,988.04 without determining his ability to pay them.[2] He also argues imposition of the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Several cases have held that *Dueñas* was wrongly decided, reasoning that restitution fines should be reviewed not under due process principles but under the Eighth Amendment's excessive fines clause, as this court held in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844. The California Supreme Court will resolve two issues in *Kopp*: "(1) Must a court consider a defendant's ability to pay before imposing or

restitution fine violated his Eighth Amendment protection against excessive fines. He alternatively claims his counsel provided ineffective assistance by failing to object to the fines, fees and assessments at trial. Dixon maintains the record supports an inference he has no future ability to pay the fines, fees and assessments now that he has been sentenced to a prison term.

The People argue we should dismiss this appeal because Dixon failed to comply with section 1237.2.[3] They alternatively argue Dixon has not made out a claim for ineffective assistance of counsel; his punitive restitution fine is not unconstitutionally excessive and any error was harmless because the record did not indicate Dixon lacked the ability to pay the fines, fees and assessments. We affirm.

---

executing fines, fees, and assessments? [and] (2) If so, which party bears the burden of proof regarding defendant's inability to pay?" Because we conclude any error was harmless, we need not address the areas of disagreement with *Dueñas* by this and other courts. (See, e.g., *People v. Allen* (2019) 41 Cal.App.5th 312, 318, 326-327; *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946.)

[3] Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

## FACTUAL AND PROCEDURAL BACKGROUND

*Case No. C1765213*

On June 6, 2017, the People charged Dixon with first degree burglary (§§ 459/460, subd. (a); count 1) and theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count 2).

*Case No. B1793132*

On July 24, 2017, the People charged Dixon with second degree burglary (§§ 459/460, subd. (b); count 1); first degree burglary (§§ 459/460 subd. (a); count 2); reckless driving while evading an officer (Veh. Code, § 2800.2, subd. (a); count 3) and misdemeanor vandalism (§ 594, subd. (a)/(b)(2)(A); counts 4 and 5). It was also alleged that he had three prison priors within the meaning of section 667.5, subdivision (b).

*Case No. C1770118*

On August 3, 2017, the People charged Dixon with second degree burglary (§§ 459/460, subd. (b); counts 1 and 6); attempted theft or unauthorized use of a vehicle (§ 664, Veh. Code, § 10851, subd. (a); count 2); attempted mail theft (§§ 664/530.5, subd. (e); count 3); petty theft of personal property (§§ 484/488; count 4); driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a); count 5); and theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count 7). It was further alleged with respect to counts 1, 2, 6 and 7, that he had been on bail when he committed the offenses (§ 12022.1), and that he had three prior convictions within the meaning of section 667.5, subdivision (b).

*Case No. C1771354*

On August 18, 2017, the People charged Dixon with reckless driving while fleeing a police officer (Veh. Code, § 2800.2, subd. (a); count 1), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a);

count 2); possession of burglary tools (§ 466; count 3); driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a); counts 4 and 7); resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1); count 5); and hit and run driving causing property damage.  (Veh. Code, § 20002, subd. (a); count 6.)  It was further alleged that he had been on bail when he committed the offenses (§ 12022.1) and that he had three prison priors (§ 667.5, subd. (b)).

*Case No. C1887270*

On March 27, 2018, the People charged Dixon with reckless driving while fleeing an officer (Veh. Code, § 2800.2, subd. (a); count 1).  It was also alleged he was on bail when the offense was committed.  (§ 12022.1.)

*Case No. C1892750*

On June 7, 2018, the People charged Dixon with using personal identifying information without authorization (§ 530.5, subd. (a); counts 1, 3, 5, 7, 9, 11, 13, 17, 18, 21, 23, 25, 26, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 48); using an altered stolen or counterfeit access card with an aggregate value of $950 (§ 484g, subd. (a); counts 2, 4, 6, 8, 10, 12, 14, 18, 20, 22, 24, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, and 49); acquiring four or more access cards (§ 484e, subd. (b); count 15); second degree burglary (§ 460, subd. (b); count 16); acquiring or retaining possession of personal identifying information of 10 or more people with intent to defraud (§ 530.5, subd. (c)(3); count 50); felony vandalism (§ 594, subd. (b)(1); count 51); taking a vehicle with intent to permanently deprive the owner of possession (Veh. Code, § 10851, subd. (a); count 52); buying or receiving a stolen motor vehicle (§ 496d, subd. (a); counts 53-55); failure to appear while released on bail (§ 1320.5; counts 56-61); battery on a peace officer (§ 243, subd. (b); count 62); resisting a peace officer (§ 148.1, subd. (a)(1); count 63); making, altering, or repairing a key

5

and other instrument knowing and believing it to be used in the commission of a crime (§ 466; count 64); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 65); and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364; counts 66, 67). Six on-bail enhancements were also alleged. (§ 12022.1.)

At the sentencing hearing, David Ward, the victim with the largest monetary claim, testified regarding his losses following the burglary by Dixon and others: "[D]uring the theft, [Dixon] destroyed furniture, looted our garage and cabinets in our house, he stole cash, heirlooms and other sentimental items. Overall, he participated in a theft and destruction of about $165,000 of monetary loss and untold suffering. This includes the firearms, scopes, accessories, clips, theft of the [all-terrain vehicle] ATV and farm equipment as well as damage to personal property and property loss. [¶] We provided the Sheriff's Department, District Attorney, and probation officer a full listing of the firearms, which you have, the scopes and accessories, with make, model, and serial numbers so they can try and recover them and get them off the street. They were all in brand new condition. Our life's work collecting these firearms is now lost[.]"

The court ruled: "I'll make the order joint and several. Restitution is as prayed for. There being no probative evidence in contradiction to what Mr. Ward testified, that's the order."

Although at sentencing defense counsel failed to object to the imposition of the fines, fees, and assessments, defense counsel subsequently filed a motion with the trial court under section 1237.2 to vacate the fines and fees and stay the restitution fee under *Dueñas, supra,* 30 Cal.App.5th 1157. The superior court denied Dixon's request: "The fines and fees imposed were the statutory minimum and therefore did not implicate any

6

issue of whether [Dixon] had the ability to pay the fines and fees that were ordered.  [¶]  [He] knows his employment history and his prospects for current and future employment better than does the Prosecution and this Court.  [¶]  [ ] Dixon has provided information that he has had employment in the construction trades as a plumber.  At one point he reported that he had been self-employed in the construction trade for three years.  He attempted to take over his father's construction business when his father died in 2016 but let it go because he did not have a license.  [¶]  Therefore, the appropriate burden of producing evidence on his inability to pay statutory fines and fees should be on [ ] Dixon.  He would have been provided with a hearing to determine his ability to pay fines and fees if he requested one."  We therefore do not regard the issue as forfeited or need to address the ineffective assistance of counsel claim.

## DISCUSSION

As the People argue, we agree any assumed error was harmless beyond a reasonable doubt given future wages Dixon may earn in prison and upon his release from prison.  (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [*Dueñas* error subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [same]; see *People v. Jenkins* (2019) 40 Cal.App.5th 30, 41, review granted Oct. 23, 2019, S258729, review dismissed and cause remanded July 29, 2020 [court may consider wages defendant may earn in prison on his ability to pay fines and assessments]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 [" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's

ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody]; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837; § 2085.5 [outlining how a restitution fine balance may be collected from prison wages].)

The probation report states Dixon was 34 years old at the time of sentencing, and he had no "health problems/handicaps." In 2015, he completed a plumbing program. Dixon completed his General Educational Development (GED) program and worked for three years in the construction industry before his arrest for the instant offenses.

"[E]very able-bodied" prisoner must work while imprisoned. (§ 2700.) "Wages in California prisons currently range from $12 to $56 a month." (*People v. Jones, supra*, 36 Cal.App.5th at p. 1035, citing in part Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1).) " 'The state may garnish between 20 and 50 percent of those wages to pay the section 1202.4, subdivision (b) restitution fine.' " (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060; see also *Jones*, at p. 1035, citing § 2085.5, subd. (a) & Cal. Code Regs., tit. 15, § 3097, subd. (f).) We conclude that while it may take some time for Dixon to pay the fines, fees and assessments, that circumstance does not support his inability to make payments on these amounts from prison wages. (*People v. Aviles, supra*, 39 Cal.App.5th at p. 1077; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060-1061 ["While it may take [defendants] considerable time to pay the amounts imposed against them, it is clear they can make payments from either prison wages or monetary gifts from family and friends during their lengthy prison sentences"].) Nothing in the record suggests Dixon is unable to work a prison job; rather, given his work history,

inferences may be drawn to the contrary.  "In our view, this forecloses a meritorious inability to pay argument."  (*Jones*, at p. 1035.)

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.